JOHN S. RAMSEY, PLAINTIFF-APPELLANT, v. A. DUNBAR HUTCHINSON, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 20, 1936.

For the plaintiff-appellant, *Harvey T. Satterthwaite*.

For the defendant-respondent, *David L. Smith* and *James S. Turp*.

PER CURIAM.

The plaintiff's action was to recover the deficiency upon a bond secured by a mortgage after foreclosure. The appeal raises the sole question as to the validity of the ruling of the trial court that the defendant's answer setting up the statute of limitations was well pleaded.

The defendant, a former owner, had conveyed the premises

in question by deed reciting: "This conveyance is made subject to a mortgage encumbrance in the sum of two thousand five hundred dollars, which the *parties of the second part hereto hereby assume and agree to pay as part of the consideration hereof.*" Thereafter the defendant personally paid no interest. Interest, however, was paid during the period of limitation by the grantee, who had assumed payment of the mortgage. The trial court erroneously held the action barred by the statute of limitations.

The applicable rule has been settled in this state since the decision in the case of *Biddle* v. *Pugh,* 59 *N. J. Eq.* 480. In that case, Vice-Chancellor Grey, after exhaustively examining the authorities in this country and England, stated in the headnote to the opinion the rule to be as follows: "When lands have been conveyed to successive grantees [subject to a debt secured by bond and mortgage], each of whom by covenant in his deed *assumes to pay the mortgage debt* as part of the consideration of his purchase, the payments of interest made on that debt by the successive grantees are referable to the bond held by the mortgagee, and operate to satisfy the interest due on that bond, and thereby to stay the running of the statute of limitations against an action on the bond."

"Irrespective of the inherent merit of this construction a ruling uniformly made by the Supreme Court [or the Court of Chancery] over a course of years should not be set aside by us except for cogent and important reasons." *Levy* v. *Elizabeth,* 81 *N. J. L.* 643, 647. See, also, *Board* v. *Cronk,* 6 *Id.* 119, 120; *State* v. *Kelsey,* 44 *Id.* 1, 23; *Graves* v. *State,* 45 *Id.* 203, 208; *Butler* v. *Commonwealth Tobacco Co.,* 74 *N. J. Eq.* 423, 429; *Commonwealth Roofing Co.* v. *Riccio,* 81 *Id.* 486, 488; *Freeholders* v. *Jersey City, &c.,* 85 *N. J. L.* 179, 181; *Public Service Railway* v. *Matteucci,* 105 *Id.* 114, 116.

The judgment appealed from is reversed.

*For affirmance*—THE CHIEF JUSTICE, CASE, HEHER, RAFFERTY, COLE, JJ. 5.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, BODINE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, JJ. 10.