**Maria LEDFORD and Donald Ledford, Plaintiffs,**

v.

**CENTRAL MEDICAL PAVILION, INC., Central Medical Health Services, Inc., Dr. F. Chang, Dr. Richard S. Gehl, Dr. Stanley Bushkoff, Orthopedic Associates of Pittsburgh, Inc., Dr. Herbert Tauberg, Defendants and Third-Party Plaintiffs,**

v.

**Gene H. SAMUELSON, M. D., and Marta J. Chaplynsky, M. D., Third-Party Defendants.**

**Civ. A. No. 79–1480.**

United States District Court, W. D. Pennsylvania.

June 16, 1981.

Rex Downie, Beaver Falls, Pa., for plaintiff.

James F. Israel, Pittsburgh, Pa., for Drs. Gehl and Bushkoff, Orthopedic Associates.

Louis Loughren, Pittsburgh, Pa., for Central Medical Pavilion and Central Medical Health Services.

William D. Phillips, Washington, Pa., for Drs. Chang and Taubert.

John J. Repcheck, Pittsburgh, Pa., for Drs. Samuelson and Chaplynsky.

WEBER, Chief Judge.

### MEMORANDUM AND ORDER

In a status conference in this case it was established plaintiffs' damages had been paid in a substantial degree by Workmen's Compensation Insurance. Thus, it was the insurance carrier and not the nominal plaintiffs which would receive a substantial share of the recovery.

Federal Rule of Civil Procedure 17(a) says:

> Every action shall be prosecuted in the name of the real party in interest... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

An insurer, whether it has paid all of the loss or only part of the loss, is a real party in interest and must join the action if it is to recover its subrogation interest. *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1546.

On February 19, 1981, the existence of the subrogation interest having been raised, the court ordered the joinder as party plaintiff of the party possessing the subrogation

interest by March 10, 1981. This has not been done and certain defendants have moved to dismiss the action. The court believes that the reasonable time prescribed by the Rule has passed and that the motion must be granted.

 There is no bar of state substantive law to such a requirement. An insurer may sue to enforce its subrogation rights in Pennsylvania. The Pennsylvania Workmen's Compensation Act specifically allows such a suit.

> 77 P.S. § 671: Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of (the employee) against such third party to the extent of the compensation payable . . . by the employer.

Some counsel have raised another section of the Pennsylvania Workmen's Compensation Act as an alleged bar to their joinder in such an action despite the clear mandate of the Federal Rule. A simple reading of the statutory provision will show that it is not applicable to a suit by the employer or his insurance carrier to recover their subrogation interest.

> 77 P.S. 481(b): In the event injury . . . to an employee is caused by a third party, then such employee may bring his action against a third party, but the employer shall not be liable to a third party for damages, contribution or indemnity in any action at law or otherwise (except by contract).

Nothing in this language bars the employer from bringing its own suit. In fact the employer is actually bringing the suit every time that the employee sues a third party. The employer is always present with its hand out to take its share of the money recovered by the employee against the third party. In the very terms of the statute the joinder of the employer, or its insurance carrier, does not make it liable for damages, contribution or indemnity. Instead, the subrogation plaintiff is suing a third party allegedly liable for the injuries, which 77 P.S. § 631 says it may do, and which Fed.R. Civ.P. 17(a) says it must do in its own name.