716 F.2d 152
 HAMME, David B.
v.
DREIS & KRUMP MANUFACTURING COMPANY
v.
COLE BUSINESS FURNITURE, DIVISION OF LITTON BUSINESS
SYSTEMS, INC., Third Party Defendant.
Dries & Krump Manufacturing Company, Appellant.
 No. 81-2174.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 18, 1982.
Decided April 12, 1982.
Order of Certified Judgment in Lieu of Mandate, Sept. 28, 1983.
 
 James W. Evans, Thomas E. Brenner (argued) Goldberg, Evans & Katzman, Harrisburg, Pa., for appellant.
 William C. Gierasch, Jr. (argued), Stock & Leader, York, Pa., for appellee Cole Business Furniture, Div. of Litton Business Systems, Inc.
 Daniel M. Pell (argued), York, Pa., for appellee David B. Hamme.
 Before ALDISERT, ADAMS and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The question presented by this appeal in a diversity case is whether an employer's comparative fault can be adjudicated under the Pennsylvania comparative negligence statute, 42 Pa.Cons.Stat.Ann. Sec. 7102,[1] in a personal injury products liability action brought by an employee against a manufacturer who sought to join plaintiff's employer as a third-party defendant. The district court held that Sec. 303(b) of the Pennsylvania Worker's Compensation Act, Pa.Stat.Ann.tit. 77, Sec. 481(b) (Purdon),[2] foreclosed application of the statute and dismissed the defendant's third-party complaint against the employer. Hamme v. Dries & Krump Manufacturing Co., 512 F.Supp. 944 (M.D.Pa.1981). The district court then certified its order and this court granted leave to appeal the dismissal under 28 U.S.C. Sec. 1292(b).
 
 
 2
 A steel power press brake used for bending sheet metal severed three of plaintiff's fingers while he was operating it in the course of his employment. Plaintiff sued appellant, the manufacturer of the machine, on a theory of strict liability, alleging that the machine was defective, as that term is defined by Restatement (Second) of Torts Sec. 402A. Appellant then filed a third-party complaint against plaintiff's employer "solely for the purpose of enabling the jury and the court to determine comparative negligence and/or fault of all parties to this action," Defendant's Third-Party Complaint, reprinted in app. at 7, apparently recognizing that Sec. 303(b) of the Worker's Compensation statute barred an adjudication of the employer's liability to appellant for damages or contribution.
 
 
 3
 After reviewing the relevant Pennsylvania trial and appellate decisions, Judge Sylvia Rambo dismissed the third-party complaint.[3] She acknowledged that no Pennsylvania appellate court had confronted the issue presented here, but, relying on Hefferin v. Stempkowski, 247 Pa.Super. 366, 372 A.2d 869 (1977), and Arnold v. Borbonus, 257 Pa.Super. 110, 390 A.2d 271 (1978), concluded that the "intent of the Pennsylvania legislature in enacting Sec. 303(b) was to create an absolute bar to the joinder of the employer as an additional defendant." 512 F.Supp. at 948.
 
 
 4
 Subsequent to the district court's decision, the Pennsylvania Superior Court decided Heckendorn v. Consolidated Rail Corp., 293 Pa.Super. 474, 439 A.2d 674 (1981), which presented the same question in a negligence action, and reached the same result as the district court here. The superior court in Heckendorn affirmed the dismissal of a third-party complaint against the employer on the ground that the comparative negligence statute permits allocation of fault only against parties against whom recovery is allowed for negligence. "An employer is one against whom recovery can neither be 'sought' nor 'allowed.' A cause of action against the employer has been obliterated." Id. at 480, 439 A.2d at 677 (citing Bell v. Koppers Co., 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978)).
 
 
 5
 Because we are bound by the interpretation given to Pennsylvania law by the courts of Pennsylvania, and because the rule articulated by the Pennsylvania Superior Court in Heckendorn governs the situation before us here, we will affirm the judgment of the district court for the reasons set forth in its opinion.[4]
 
 
 6
 ROSENN, Circuit Judge, dissenting.
 
 
 7
 I disagree with the majority that we are bound by the decision of the Superior Court of Pennsylvania in Heckendorn v. Consolidated Rail Corp., 293 Pa.Super. 474, 439 A.2d 674 (1981). I am deeply troubled by the inequities engendered by Heckendorn's construction of section 303(b) of the Workmen's Compensation Act (WCA), Pa.Stat.Ann.tit. 77, Sec. 481(b) (Purdon Cum.Supp. 1981-82), and of Pennsylvania's Comparative Negligence Act, 42 Pa.Cons.Stat.Ann. Sec. 7102 (Purdon 1981 Pamphlet). Because I believe that the Supreme Court of Pennsylvania will not follow the Heckendorn decision, but instead will reconcile these statutes in a manner that gives effect to the intendment of the WCA without unfairly burdening third parties who stand outside the workmen's compensation scheme, I respectfully dissent.
 
 I.
 
 8
 As an initial matter, I address the majority's decision simply to follow the Superior Court's recent decision in Heckendorn. The touchstone of our inquiry is the Erie doctrine: a federal district court exercising its diversity jurisdiction must apply the substantive law of the state in which it sits. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). To ascertain what state law is, a federal court looks initially to the state's statutes and to the decisions of its highest court. Id. at 79, 58 S.Ct. at 822. More difficult is the task of ascertaining state law when the state's highest court has not yet spoken to the issue.
 
 
 9
 This court recently summarized the nature of a federal diversity court's inquiry into the contours of state law absent a controlling decision of the state's highest court, and the guidance to be had from lower state court decisions.
 
 
 10
 In the absence of an authoritative pronouncement from the state's highest court, the task of a federal tribunal is to predict how that court would rule. To make this prognostication, we are not inflexibly confined by dicta or by lower state court decisions, although we should look to such statements as indicia of how the state's highest court might decide. The policies underlying the applicable legal doctrines, the doctrinal trends indicated by these policies, and the decisions of other courts may also inform our analysis. In addition, we may consult treatises, the Restatement, and the works of scholarly commentators.
 
 
 11
 Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir. 1982) (citations omitted). In deciding the instant appeal, which concerns a question of law not yet resolved by the state's highest court, we must therefore attempt to predict how the Pennsylvania Supreme Court would decide the question. See, e.g., Safeco Insurance Co. of America v. Wetherill, 622 F.2d 685, 688 (3d Cir. 1980); McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 661 (3d Cir.), cert. denied, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980).
 
 
 12
 Of all of the indicia of what state law is, decisions of intermediate appellate courts are among the most helpful. In the absence of a controlling decision of the state's highest court, the decisions of intermediate state courts having statewide jurisdiction are normally a strong indication of what the state law is. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177-78, 61 S.Ct. 176, 177-78, 85 L.Ed. 109 (1940); Six Companies v. Joint Highway District No. 13, 311 U.S. 180, 188, 61 S.Ct. 186, 188, 85 L.Ed. 114 (1940); West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940); Stoner v. New York Life Insurance Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940). See generally Bator, Mishkin, Shapiro & Wechsler, Hart and Wechsler's The Federal Courts and the Federal System, 708-10 (2d ed. 1973). They do not, however, perforce dictate the result in a federal diversity action. Rather,
 
 
 13
 "an intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." 311 U.S. at 237, 61 S.Ct. at 183. (Emphasis supplied.) Thus, under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling.
 
 
 14
 Commissioner v. Estate of Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967) (quoting West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940)). "In short, an intermediate appellate court holding is presumptive evidence, rather than an absolute pronouncement, of state law." National Surety Corp. v. Midland Bank, 551 F.2d 21, 30 (3d Cir. 1977).
 
 
 15
 This is not to suggest that in our efforts at prognostication that we are free to ignore decisions of intermediate appellate courts merely because we "think[ ] the rule is unsound or that another is preferable." West v. American Telephone & Telegraph Co., supra, 311 U.S. at 237, 61 S.Ct. at 183. The limits on our discretion not to follow the decisions of a lower court of statewide jurisdiction were set out in Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940). There the Supreme Court held that this court was bound to follow two decisions of the New Jersey Court of Chancery, a trial court of statewide jurisdiction, which failed to give effect to a recently enacted New Jersey statute that appeared to authorize the creation of a trust bank account. In rebuffing our attempt to reach what we believed to be a correct result under the statute, the Supreme Court concluded that "the Circuit Court of Appeals was not at liberty to reject these decisions merely because it did not agree with their reasoning." 311 U.S. at 179, 61 S.Ct. at 179.
 
 
 16
 Two aspects in Field that were highlighted by the Supreme Court indicate the narrowness of its apparent harnessing of federal diversity courts. First, the Court emphasized that decisions of the Court of Chancery in force "over a course of years will not be set aside by the highest court 'except for cogent and important reasons.' " 311 U.S. at 179, 61 S.Ct. 179 (quoting Ramsey v. Hutchinson, 117 N.J.L. 222, 187 A. 650 (1936)). See also Six Companies v. Joint Highway District No. 13, 311 U.S. 180, 188, 61 S.Ct. 186, 188, 85 L.Ed. 114 (1940) (intermediate appellate court decision left undisturbed for two decades should be followed unless there is convincing evidence that state law is otherwise). Second, the cases in question were "the only exposition of the law of the state with respect to the construction and effect of the statutes." 311 U.S. at 179, 61 S.Ct. 179. There was thus no basis, apart from the statute, on which a court might have concluded that the state's highest court might reach a contrary result.[1]
 
 
 17
 A recent decision of this court illustrates the extent to which we may question an intermediate appellate decision in predicting how a state supreme court will answer a question. In Safeco Insurance Co. of America v. Wetherill, 622 F.2d 685 (3d Cir. 1980), this court declined to follow a decision of the Superior Court of Pennsylvania that appeared to control the issue before us. In doing so we noted the existence of contrary decisions of Pennsylvania trial courts, which had been followed by at least one federal district court. Id. at 688. We also questioned the Superior Court's use of authority in reaching its conclusion, closely scrutinizing, and distinguishing, the cases relied on by it. Id. at 689-90. Finally, we noted the existence of a contrary unreported Superior Court decision not referred to by the decision deemed controlling. Under these circumstances we concluded that "we must make an independent judgment as to what the decision of the highest court would be." Id. at 691.
 
 
 18
 In the instant case a survey of relevant decisions reveals sharp disagreement regarding what the law should be. We note first that the Supreme Court of Pennsylvania has yet to address the question directly, and that that Court's dicta relied on by the Heckendorn decision does not speak directly to the question and therefore should not be viewed as controlling. See McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 662 (3d Cir.), cert. denied, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); part IV.B. infra. Of three decisions of the Superior Court that address the possibility of limited joinder of the employer, Heckendorn v. Consolidated Rail Corp., 293 Pa.Super. 474, 439 A.2d 674 (1981); Leonard v. Harris Corp., 290 Pa.Super. 370, 434 A.2d 798 (1981); and Arnold v. Borbonus, 257 Pa.Super. 110, 390 A.2d 271 (1978), the latter two include dissenting opinions. See also Hefferin v. Stempkowski, 247 Pa.Super. 366, 371, 372 A.2d 869, 872 (1977) (Price, J., dissenting). Even greater disaccord characterizes the positions taken by the state and federal trial courts that have faced this question.[2] Finally, Heckendorn itself was decided only several months ago, and a petition of certiorari to the Supreme Court of Pennsylvania is presently pending. I therefore believe that this court is not bound by the result in Heckendorn in its effort to predict how the Supreme Court of Pennsylvania will resolve the instant question.
 
 II.
 
 19
 This case presents an important question under Pennsylvania law regarding the proper allocation of liability for damages in an action brought by an employee who suffers work-related injury against a party other than the employer. As the majority has noted, Hamme, injured while operating a steel power press brake, brought this action sounding in strict products liability against the press brake's manufacturer, the Dreis & Krump Manufacturing Co. Believing that the negligence of Hamme's employer may have contributed to his injuries,[3] Dreis & Krump filed a third-party complaint against the employer, Cole Business Furniture, Division of Litton Business Systems, Inc., solely to permit a determination of the comparative fault of the parties.
 
 
 20
 At issue in this case is whether the Pennsylvania legislature intended for third parties who may be only partially responsible for another's employee's injuries to bear the full burden of compensating the injured employee, regardless of the third party's possible minimal degree of fault compared to that of the employer.[4] Such is the effect of the Heckendorn decision, which bars joinder of the employer for the limited purpose of determining the relative fault of the parties.[5] It imposes on a third party who may be only slightly blameworthy total liability for all the damages sustained by the employee. A review of the statutory scheme and of relevant lower court opinions leads me to conclude that the obviously unfair result reached by the Superior Court in Heckendorn out of the court's stated deference to the legislature is at odds with the intendment of the WCA and other relevant Pennsylvania law and will therefore not be followed by the Pennsylvania Supreme Court.
 
 
 21
 The WCA creates a comprehensive and exclusive scheme between employer and employee for awarding reparations to employees for work-related injuries.[6] The primary feature of the WCA, in common with workmen's compensation acts throughout the United States,[7] is its establishment of fixed but limited compensation for employees who are injured in work-related accidents. In return for foregoing all rights to bring a common law action for damages against his employer, an employee is awarded compensation that is statutorily provided for under the WCA. Both parties to this relationship benefit from such coverage. The employee is assured of certain, immediate compensation regardless of his own fault or that of his fellow servants.[8] The employer, although compelled to provide compensation for all work-related injuries, benefits from the ceiling on liability incorporated in the compensation schedules under the WCA. Society as a whole benefits from the provision made for injured workers who might otherwise become public charges.
 
 
 22
 An important secondary feature of the WCA is its treatment of the involvement of third parties in an accident covered by the WCA. As does virtually every other state, Pennsylvania allows an injured employee to sue third parties whose tortious conduct contributed to his injury. Allowing suit against a third party does not offend the compensatory scheme effectuated by workmen's compensation statutes. Because the third party is a stranger to the legislatively imposed arrangement between employer and employee, his liability to the employee exists without reference to the compromise reached under those statutes.
 
 
 23
 Although suits against third parties nominally involve only the employee and his defendant, the rights of the employer are also necessarily implicated in two respects. First, under the Pennsylvania statute, as in other states, the employer is subrogated to any recovery that the employee receives from the third party up to the amount of workmen's compensation that the employer has paid to his employee. See Pa.Stat.Ann.tit. 77, Sec. 671 (Purdon Cum.Supp. 1981-82). Unlike proceeds paid under a self-obtained insurance policy, workmen's compensation is not considered a collateral benefit, and it is reduced to the extent that other compensation is provided. However, the employer's subrogation rights have been qualified by judicial decision. Subrogation is denied to an employer whose negligence is shown to have contributed to the employee's injury. Stark v. Posh Construction Co., 192 Pa.Super. 409, 162 A.2d 9 (1960); see infra note 22.
 
 
 24
 The second way in which the employer is implicated by the employee's action against the third party turns on the extent of the third party's right to contribution from a negligent employer. With this issue, the general unanimity of approach that characterizes the broad frameworks of the various state compensation statutes disappears. The question of the third party's right to contribution from a negligent employer has been characterized as "[p]erhaps the most evenly-balanced controversy in all of compensation law." 2A A. Larson, The Law of Workmen's Compensation Sec. 76.10, at 14-287 & n.62 (1976).
 
 
 25
 This sharp division is the result of the varying responses to what at first appears to be an irreconcilable conflict at the intersection of the workmen's compensation scheme with third party actions for contribution or indemnification. Under Pennsylvania's enactment of the Uniform Contribution Among Tort-Feasors Act, 42 Pa.Cons.Stat.Ann. Secs. 8321-27 (Purdon 1981 Pamphlet), a right of contribution exists among defendants found jointly responsible for injuring another, with contribution calculated according to the defendants' relative fault.[9] Thus, when an injured employee recovers damages from a third party, and the negligence of the employer also contributed to the employee's injuries, under the principles of contribution embodied in the Pennsylvania Uniform Contribution Among Tort-Feasors Act the third party logically should be entitled to contribution from the employer in proportion to the employer's fault.
 
 
 26
 To allow a third party to assert an unlimited right of contribution against a negligent employer, however, would pierce the employer's ceiling of liability under the WCA and permit the employee to recover indirectly from the employer the very common law damages that the WCA abolishes. Faced with a choice between exposing employers to liability above that provided for in the WCA and denying the third parties the right to recover contribution from employers covered by the WCA in order to safeguard the integrity of the workmen's compensation scheme, the Pennsylvania legislature chose the latter course in its 1974 amendment to section 303(b) of the WCA.[10] Section 303 provides that "[t]he liability of an employer under [the WCA] shall be exclusive. ..." Pa.Stat.Ann.tit. 77, Sec. 481(a) (Purdon Cum.Supp.1981-82). To ensure that exclusivity, section 303 specifies that
 
 
 27
 the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
 
 
 28
 Id. Sec. 481(b).
 
 
 29
 The statute thus forecloses any attempt by a third party to shift that portion of the damages attributable to the employer's conduct back to the employer. The statute does not, however, specify that the third party must therefore bear the full burden of the judgment obtained by the employee. Accordingly, in the face of the bar to contribution enacted by section 303(b), third parties have attempted to join the employer as a defendant or involuntary plaintiff for the limited purpose of establishing the relative fault of the parties.[11] They have thereby sought to have their liability for damages reduced to reflect the employer's contributing fault. It is this course of action that was rebuffed by the Superior Court in Heckendorn.
 
 III.
 
 30
 In Heckendorn v. Consolidated Rail Corp., 293 Pa.Super. 474, 439 A.2d 674 (1981), the Pennsylvania Superior Court rejected an attempt by a third party, in an action by an injured employee, to implead the employer for the limited purpose of establishing the relative fault of the parties.[12] The decision rests on three principal grounds. First, the Heckendorn court believed itself to be bound by its previous decisions and by decisions of the Pennsylvania Supreme Court, which, the court maintained, together indicate that in promulgating the WCA the Pennsylvania legislature intended to bar absolutely the joinder of an employer as an additional defendant and to foreclose the adjudication of liability on the part of the employer. Heckendorn, supra, 293 Pa.Super. at 477, 439 A.2d at 675; see Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 412 A.2d 1094 (1980); Bell v. Koppers Co., 481 Pa. 454, 392 A.2d 1380 (1978); Arnold v. Borbonus, 257 Pa.Super. 110, 390 A.2d 271 (1978); Hefferin v. Stempkowski, 247 Pa.Super. 366, 372 A.2d 869 (1977).
 
 
 31
 The Heckendorn court next rejected an argument that Pennsylvania's Comparative Negligence Act[13] by implication repealed section 303(b) of the WCA to the extent of making joinder of the employer possible. It first canvassed the decisions of the lower state and federal courts, which revealed a wide split of authority on whether the Comparative Negligence Act authorized joinder by an injured employee in an action against a third party for the limited purpose of determining the relative fault of the employee, his employer, and the third party. The court then itself examined the Comparative Negligence Act and found it unavailing to third parties seeking to implead employers. Observing that the statute is by its terms applicable only to persons against whom recovery is either "sought" or "allowed," the court concluded that
 
 
 32
 [a] strict reading of the Comparative Negligence Act, therefore, suggests that the legislature did not contemplate an apportionment of liability between one or more third party tortfeasors (against whom recovery may be had) and the plaintiff's employer (against whom recovery may neither be sought nor allowed).
 
 
 33
 Heckendorn, supra, 293 Pa.Super. at 480, 439 A.2d at 677. The Heckendorn court believed its conclusion to be consistent with section 303(b) of the WCA and with Pa.R.Civ.P. 2252(a), which permits joinder as an additional defendant only of those persons who may be "liable."[14] "The rule simply does not contemplate the joinder of a person who has no stake in the outcome of the action." Heckendorn, supra, 293 Pa.Super. at 481, 439 A.2d at 677. Finally, the court was unmoved by the argument that its result was unfair to the third party and cast the burden of altering the state of the law on the legislature.
 
 IV.
 
 34
 The result reached by the Superior Court in Heckendorn was not, as the court believed, compelled by section 303(b) of the WCA, by the language of the Comparative Negligence Act, or by prior decisions construing those statutes. Rather than respecting the intendment of those statutes, the Heckendorn decision needlessly controverts the public policy underlying them.
 
 A.
 
 35
 Our starting point is the language of section 303 of the WCA.[15] As others have noted, e.g., Shaeffer v. Didde-Glaser, Inc., 504 F.Supp. 613, 614 (M.D.Pa.1980), Leonard v. Harris Corp., 290 Pa.Super. 370, 382, 434 A.2d 798, 805 (1981) (McEwen, J., dissenting), Hefferin v. Stempkowski, 247 Pa.Super. 366, 372, 372 A.2d 869, 872 (1977) (Price, J., dissenting), although it provides that an employer cannot be liable to a third party for damages, contribution, or indemnity unless he so agrees by contract, the statute does not by its terms bar joinder of the employer for all purposes. Indeed, the statute does not speak to the questions of joinder or apportionment of fault. Rather, it simply decrees that the employer's liability to his employee under the WCA shall constitute his exclusive liability for work-related accidents. The WCA does not answer whether a determination of the relative fault of the employee, his employer, and the third party should affect the employee's right of recovery against the third party.
 
 
 36
 Nor does permitting the joinder of the employer run afoul of the WCA if the employer is joined solely to determine his relative fault, vis a vis that of the other parties, in causing the employee's injuries. From the employer's perspective, so long as his liability for the injuries to his employee exists solely as provided for in the WCA, the legislatively enforced quid pro quo has been respected. Joinder of the employer for this limited purpose is thus fully consistent with both the language and the spirit of the WCA.
 
 B.
 
 37
 Despite Heckendorn's passing reliance on them, prior decisions of the Pennsylvania Supreme Court do not foreclose the joinder of the employer for the limited purpose contemplated here. The Supreme Court of Pennsylvania had twice had before it section 303(b). In Bell v. Koppers Co., 481 Pa. 454, 392 A.2d 1380 (1978), the court considered and rejected a claim that section 303(b) should be applied retroactively to an action based on injuries that occurred prior to the amended section's effective date but filed after that date. In what can only be characterized as obiter dictum, the court broadly observed that "the enactment of section 303(b) has foreclosed the adjudication of the liability of the employer." Id. at 458, 392 A.2d at 1382 (citing Hefferin v. Stempkowski, 247 Pa.Super. 366, 372 A.2d 869 (1977)). Because the court was not faced with the limited purpose joinder contemplated here, its observation should be taken, consistent with the question that the court addressed, as simply affirming that the legislature had made the employer's liability under the WCA exclusive. See also Atkins v. Urban Redevelopment Authority, 489 Pa. 344, 354 n.8, 414 A.2d 100, 105 n.8 (1980).
 
 
 38
 The court upheld section 303(b) against constitutional challenge in Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 412 A.2d 1094 (1980). The court characterized the substance of section 303(b) as follows:
 
 
 39
 Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.
 
 
 40
 Id. at 518, 412 A.2d at 1096 (emphasis added).
 
 
 41
 The quoted paragraph makes clear that in speaking of the inability of the third party to join the employer as a defendant, the court was speaking to the existence of the statutory bar to contribution and indemnification. As the court noted, under section 303(b), a third party is not entitled to contribution from or indemnification by the employer, and may not obtain them by joining the employer as a defendant or otherwise. The court was not confronted with an attempt to join the employer in a manner that would fully respect the employer's immunity from claims by the third party while permitting a single judicial determination of the relative fault of all the interested parties. The decision thus cannot be read as necessarily foreclosing such limited-purpose joinder.
 
 
 42
 Arnold v. Borbonus, 257 Pa.Super. 110, 390 A.2d 271 (1978), an intermediate appellate court decision, is the only decision relied on by the Heckendorn court that provides some precedential support for its summary conclusion that the WCA completely bars joinder of the employer. In Arnold, the court rejected an attempt by the third party to join the employer "to determine the employer's entitlement to subrogation to the rights of the employee against a third party." Id. at 113, 390 A.2d at 272 (footnote omitted).[16] See also Leonard v. Harris Corp., 290 Pa.Super. 370, 434 A.2d 798 (1981). Judge Spaeth, in a concurring and dissenting opinion, highlighted the inequities that might result from such a construction of the statute.[17]
 
 
 43
 I find it almost impossible to believe that the Legislature could have intended such a result. Yet the language of [Pa.Cons.Stat.Ann.tit. 77,] Sec. 481(b) is difficult to interpret otherwise....
 
 
 44
 Id. at 118-19, 390 A.2d at 275 (footnote omitted). In a footnote, Judge Spaeth proposed what he termed "[a]nother (more sensible?) result, which would both comport with the purposes of the Workmen's Compensation Act and allocate liability fairly." Id. at 118 n.4, 390 A.2d at 275 n.4.
 
 
 45
 [W]here the employer and a third party are equally negligent, the third party pays only his half of the judgment and the employer pays up to the compensation maximum in fulfillment of his half of the judgment. Thus, no one bears more than his fair share of the liability judgment; to the extent that the employer bears less than his share, and the employee thereby gets less than his due, this is what the Act contemplated in the "bargain" between the employee and the employer, the one getting an assured recovery, the other getting a fixed limit on liability. It is unjust to make the third party fill the gap between what the employee gets and what he needs to be made whole, for the third party was not part of the bargain; he gained nothing from it.
 
 
 46
 Id.
 
 
 47
 I believe that Judge Spaeth's suggested "more sensible result," rather than being at odds with section 303(b), is fully consistent with the legislature's aims and points the way to a sensible accommodation of the tensions inherent in the statute. Moreover, I believe that the enactment of the Comparative Negligence Act, which was not before the court in Arnold, virtually compels an approach under section 303(b) for resolving the claims of injured employees against third parties that follows the fault-apportioning schema sketched out by Judge Spaeth.
 
 V.
 
 48
 With the enactment of the Comparative Negligence Act, 42 Pa.Cons.Stat. Sec. 7102 (Purdon 1981 Pamphlet), the Pennsylvania legislature sharply curtailed the availability of the defense of contributory negligence[18] and introduced considerations of comparative fault to tort recoveries. The Act introduces the calculation of the relative fault of the parties in two respects: between the plaintiff and the defendant, id. Sec. 7102(a), and among defendants held liable. Id. Sec. 7102(b). Unfortunately, there is little indication of why the legislature adopted the type of statute that it did. See Shrager & Shepherd, Overview, supra, at 436 & n.97. More troubling, many questions have been left unanswered. This is especially true of how the statute is to be applied by the courts in multiple-defendant situations. See Griffith, Hemsley & Burr, Contribution, Indemnity, Settlements, and Releases: What the Pennsylvania Comparative Negligence Statute Did Not Say, 24 Vill.L.Rev. 494 (1979) (hereinafter Griffith, Hemsley & Burr, Contribution ).[19] Resolving the questions posed by the gaps in the statute has thus become the province of the courts. Id.
 
 
 49
 In deciding how the Comparative Negligence Act affects the right of a third party to join an allegedly negligent employer, not for purposes of liability, but only to determine the relative fault of all involved in the accident, we again begin with the language of the statute. Under the Comparative Negligence Act a plaintiff's negligence is compared to the "causal negligence of the defendant or defendants against whom recovery is sought," 42 Pa.Cons.Stat. Ann. Sec. 7102(a) (Purdon 1981 Pamphlet), and contribution is permitted among defendants "against whom recovery is allowed."[20] Because the Heckendorn court viewed the employer as someone against whom recovery could neither be sought nor allowed, it held the statute inapplicable.
 
 
 50
 The Heckendorn court's application of the Comparative Negligence Act to tripartite industrial accidents rests on an overly myopic view of the relationship among employer, employee, and third party. In particular, it ignores the very live interest that the employer, by virtue of his right of subrogation, has in any recovery that his employee obtains from a third party.
 
 
 51
 The WCA creates in the employer a broad right of subrogation to the rights of his employee against a third party.[21] That right has been limited, however, by judicial decision. An employer whose negligence is found to have contributed to the employee's injury is not entitled to recover from the third party the cost of compensation payments made under the Act. Stark v. Posh Construction Co., 192 Pa.Super. 409, 162 A.2d 9 (1960).[22] The extent of the employer's recovery turns, in part, on both the plaintiff's ability to establish the liability of the third party and the employer's freedom from negligence.[23] The Comparative Negligence Act specifically addresses how liability is to be apportioned among plaintiffs and defendants whose ultimate liability to each other arises according to their respective fault inter se. It exalts form over substance to pretend that the employer is not a party "from whom recovery is allowed."
 
 
 52
 The Comparative Negligence Act does not, as the Heckendorn court framed the question, overrule section 303(b) of the WCA. As noted above, that section simply does not speak to the joinder of the employer in a manner that preserves his immunity from contribution. Rather, the Comparative Negligence Act of its own force provides a rule of decision on a question not addressed by the WCA. This construction of the Comparative Negligence Act is consistent with and in no way undercuts the WCA.
 
 
 53
 In enacting section 303(b) and thus protecting employers by barring claims by third parties for contribution or indemnity, the legislature determined that to ensure the integrity of the workmen's compensation scheme an employer's liability would be exclusively determined under the WCA. The statute does not alter the equitable considerations that affect the liability of third parties to injured employees. I can discover no proper basis for reading such an intention into the statute.
 
 
 54
 The employer should therefore be treated as a party whose negligence can be compared under the Comparative Negligence Act and whose joinder is permissible under Pa.R.Civ.P. 2252(a). Whether the employer is joined as an involuntary plaintiff or a defendant,[24] his joinder to determine the relative fault of the parties is fully consistent with the Comparative Negligence Act. The Heckendorn court's attempt to rest rejection of that application on the wording of the Comparative Negligence Act is ultimately unpersuasive.
 
 
 55
 Permitting the joinder of the employer in the action by the employee against the third party to establish the employer's relative fault is the preferable means of establishing the relative fault of the parties. Judicial resources are used more effectively. The alternative, a separate subrogation action between employer and employee, would result in two trials instead of one. A just result is more likely to be produced if all of the parties are forced to present their versions of the incident in a single action before the same factfinders. And finally, potential problems resulting from inconsistent verdicts, or from attempts to assert collateral estoppel offensively, are avoided.
 
 VI.
 
 56
 Having concluded that the Supreme Court of Pennsylvania will permit an employer to be joined so that his relative fault in causing the employee's injuries can be judicially determined, I would ordinarily turn now to an examination of how the courts would apportion damages. Because we are faced with the dismissal of the third-party complaint, I will not pursue such an examination at this time.[25] However, a final question in this action that must be addressed concerns the applicability of the principles of comparative fault and readjustment of liability in an action sounding not in negligence but in strict liability. The district court did not reach this issue. Nor has it been considered by the appellate courts of Pennsylvania. I write briefly to suggest how I believe the Supreme Court of Pennsylvania will answer it.
 
 
 57
 At first blush, the Comparative Negligence Act and the principles it embodies would appear to be inapplicable to strict products liability actions in Pennsylvania. By its terms the Comparative Negligence Act is limited to "actions brought to recover damages by negligence." 42 Pa.Cons.Stat.Ann. Sec. 7102(a) (Purdon 1981 Pamphlet). It thus appears to exclude strict liability claims.
 
 
 58
 Some judicial authority also may be read to suggest that a consideration of relative fault is not appropriate in the strict liability context. Contributory negligence was judicially abolished as a defense to strict liability actions. McCown v. International Harvester Co., 463 Pa. 13, 342 A.2d 381 (1975). And establishing liability under strict liability does not require proof of defendant's negligence. Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975). See generally Timby, Jr. & Plevyak, Pennsylvania's Comparative Negligence Statute, supra, 24 Vill.L.Rev. at 473.
 
 
 59
 Despite these indications to the contrary, I believe that the Pennsylvania Supreme Court will hold that principles of comparative negligence are properly brought to bear in strict products liability actions. Other state courts have construed language similar to that found in the Pennsylvania Comparative Negligence Act and held it applicable to strict products liability actions under section 402A of the Restatement (second) of Torts, from which strict products liability in Pennsylvania is derived.[26] Thibault v. Sears, Roebuck & Co., 118 N.H. 802, 395 A.2d 843 (1978); Dippel v. Sciano, 37 Wis.2d 443, 155 N.W.2d 55 (1967) (dicta). This court has reached a similar result construing the comparative negligence statute of the Virgin Islands. Murray v. Fairbanks Morse, 610 F.2d 149 (3d Cir. 1979); accord Cyr v. B. Offen & Co., 501 F.2d 1145 (1st Cir. 1974) (applying New Hampshire law); Sun Valley Airlines, Inc. v. Avco-Lycoming Corp., 411 F.Supp. 598 (D. Idaho 1976). Contra Melia v. Ford Motor Co., 534 F.2d 795 (8th Cir. 1976) (applying Nebraska law); Kinard v. Coats Co., 37 Colo.App. 555, 553 P.2d 835 (Colo.1976); Kirkland v. General Motors Corp., 521 P.2d 1353 (Okl.1974). See generally Timby, Jr. & Plevyak, Pennsylvania's Comparative Negligence Statute, supra, 24 Vill.L.Rev. at 474-75.
 
 
 60
 It is not necessary, however, to construe the language of the Pennsylvania Comparative Negligence Act as reaching strict products liability actions in order to introduce considerations of comparative fault into section 402A actions. As a pair of commentators have correctly observed, the doctrine of strict products liability in Pennsylvania was judicially adopted. Timby, Jr. & Plevyak, Pennsylvania's Comparative Negligence Statute, 24 Vill.L.Rev. at 470-79; see Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966). And the Supreme Court of Pennsylvania "has not been reluctant to simplify, clarify and improve the law in light of modern conditions." Gilbert v. Korvette, Inc., 457 Pa. 602, 612 n.27, 327 A.2d 94, 100 n.27 (1974) (citations omitted); see Azzarello v. Black Brothers Co., 480 Pa. 547, 391 A.2d 1020 (1978); Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975). The Supreme Court of Pennsylvania is thus free to judicially introduce considerations of relative fault into strict products liability actions. This is precisely the tack taken by the courts of Alaska, Butaud v. Suburban Marine & Sporting Goods, Inc., 555 P.2d 42 (Alaska 1976); California, Daly v. General Motors Corp., 20 Cal.3d 725, 575 P.2d 1162, 144 Cal.Rptr. 380 (1978); and Florida, West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976). In the words of the California Supreme Court:
 
 
 61
 We reiterate that our reason for extending a full system of comparative fault to strict products liability is because it is fair to do so. The law consistently seeks to elevate justice and equity above the exact contours of mathematical equation. We are convinced that in merging the two principles what may be lost in symmetry is gained in fundamental fairness.
 
 
 62
 Daly v. General Motors Corp., 20 Cal.3d at 742, 575 P.2d at 1172, 144 Cal.Rptr. at 390.
 
 VII.
 
 63
 The majority's conclusion that we are constrained to follow the recent decision of the Superior Court of Pennsylvania in Heckendorn denies the alleged third party tortfeasor an opportunity to implead plaintiff's employer for the limited purpose of establishing the relative fault of the parties. As one commentator has aptly noted, such treatment of third party tortfeasors in workplace injuries "is illogical, doctrinally unsound, and aesthetically unpleasant and would be inconsequential if the result were economically efficient, particularly humane, or an effective deterrent to tortious conduct. The result produced by current law is none of these things." Pulliam, Comparative Loss Allocation, supra, 31 Fed'n Ins.Couns. at 87.
 
 
 64
 In light of the foregoing analysis of the Pennsylvania decisional and statutory law, one can therefore predict that when these issues are presented to the Supreme Court of Pennsylvania it will, without in any way intruding on the employer's immunity from further liability in injuries covered by Workmen's Compensation, at least permit the impleading of the employer for the limited purpose of comparatively allocating the relative fault of the parties. Accordingly, I dissent.ORDER
 
 
 65
 Subsequent to the filing of the opinion in the above, but prior to the issue of our certified judgment in lieu of mandate, the Pennsylvania Supreme Court granted a petition for allocatur in Heckendorn v. Consolidated Rail Corp., 293 Pa.Super. 474, 439 A.2d 674 (1981). On September 15, 1983, that court affirmed the order of the Superior Court.
 
 
 66
 In light of the Pennsylvania Supreme Court's decision, appellant has withdrawn the petition for rehearing. Accordingly, it is ORDERED that a certified judgment in lieu of mandate be issued forthwith.
 
 
 
 [1]
 The Pennsylvania Comparative Negligence Act provides in relevant part:
 (a) General Rule. In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.
 (b) Recovery against joint defendant; contribution. Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount to his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.
 
 
 [2]
 Section 303(b) provides:
 (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless liability for such damages, contribution, or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
 Section 303(a) limits an employee's remedy against his employer for injuries sustained in the course of his employment to that provided in the Worker's Compensation statute. Pa.Stat.Ann.tit. 77, Sec. 481(a) (Purdon).
 
 
 [3]
 The district court noted the issue but did not decide whether the concept of comparative negligence may be applied in a products liability case premised on Sec. 402A strict liability theory. See generally Vizzini v. Ford Motor Co., 569 F.2d 754, 766 (3d Cir. 1977) (holding that Pennsylvania law would not apply principles of comparative negligence in Sec. 402A cases)
 
 
 [4]
 The appellant has also challenged the district court's decision on the ground that Sec. 303(b) violates article III, Sec. 3 of the Pennsylvania Constitution, and the equal protection clause of the United States Constitution. The Pennsylvania Supreme Court has already rejected an attack on the statute based on the equal protection clause of the fourteenth amendment. Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 412 A.2d 1094 (1980). Because the appellant did not raise these issues below, see Third-Party Complaint, reprinted in app. at 5, we will not consider them on appeal. Newark Morning Ledger Co. v. United States, 539 F.2d 929, 932 (3d Cir. 1976). We note, however, that if the federal constitutional question were properly presented, the unsettled questions of state statutory and constitutional law could possibly make the case an appropriate one for district court abstention under Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)
 Judge Adams agrees that, under Heckendorn, the judgment of the district court should be affirmed. Nevertheless, he believes that the points raised in Judge Rosenn's opinion have considerable force, and that it might therefore have been more prudent to delay the disposition of the appeal until the Supreme Court of Pennsylvania decides whether to grant the petition for allocatur which is now pending in Heckendorn.
 
 
 [1]
 In the remaining two cases on this question decided by the Supreme Court that same term, West v. American Tel. & Tel. Co., supra, and Stoner v. New York Life Ins. Co., supra, the Court emphasized that the federal court actions involved the same parties and the same issues as the state actions whose rule of decision the federal courts chose not to follow. West, 311 U.S. at 238, 61 S.Ct. at 184; Stoner, 311 U.S. at 467-68, 61 S.Ct. at 337-38
 
 
 [2]
 Compare, e.g., Schaeffer v. Didde-Glaser, Inc., 504 F.Supp. 613 (M.D.Pa.1980); Sheldon v. West Bend Equip. Corp., 502 F.Supp. 256 (W.D.Pa.1980); Lipari v. Niagara Mach. & Tool Works, 87 F.R.D. 730 (W.D.Pa.1980); Prem v. Johns-Manville Prods. Corp., 19 Pa. D. & C.3d 162 (1981); Conklin v. Pennsylvania Power & Light Co., 16 Pa. D. & C.3d 689 (1980); Yeagley v. Metropolitan Edison Co., 16 Pa. D. & C.3d 681 (1980); Flack v. Calabrace, 15 Pa. D. & C.3d 765 (1980) (allowing joinder to determine the comparative negligence of the employer) with Ryden v. Johns-Manville Prods. Corp., 518 F.Supp. 311 (W.D.Pa.1981); Jones v. Carborundum Co., 515 F.Supp. 559 (W.D.Pa.1981); Dech v. Rouselle Corp., 512 F.Supp. 1024 (E.D.Pa.1981); Schwarzl v. Philadelphia Gas Works, 16 Pa. D. & C.3d 694 (1980); Heckendorn v. Consolidated Rail Corp. No. 3781 (Cumb.Pa. Aug. 25, 1980), aff'd, 293 Pa.Super. 474, 439 A.2d 674 (1981) (forbidding joinder of the employer to establish his comparative negligence)
 
 
 [3]
 Dreis & Krump, which built the machine fifteen years before the accident, maintains that the employer, Cole Business Furniture, was negligent in the storing of certain boards which fell on the press and activated it, causing the injury. Dreis & Krump also avers that the machine may have been altered since its manufacture
 
 
 [4]
 The extent to which the employee was at fault will operate, under the Comparative Negligence Act, to reduce the third party's liability for damages to the employee. See 42 Pa.Cons.Stat.Ann. Sec. 7102 (Purdon 1981 Pamphlet). The question before us is whether any fault of the employer should also be taken into account to further reduce the third party's exposure so that it is congruent with his judicially-determined responsibility for the employee's injuries
 
 
 [5]
 That the question before us is not merely a procedural question of joinder of parties but rather the ultimate question of whether considerations of the relative fault of the parties should affect the liability of third parties to injured employees is underscored by a footnote in Heckendorn. There, the court observed:
 The courts of other jurisdictions having similar, but not the same, statutory provisions and competing policy considerations have been able to achieve an accommodation. They have refused to allow the joinder of an employer as an additional defendant, but they have permitted the fact-finder to apportion causative negligence among all negligent persons, whether or not they are parties to the litigation [Citing New Jersey and Wisconsin cases]. The pertinent statutes of New Jersey and Wisconsin, however, do not contain language, as does the Pennsylvania statute, which limits the negligence to be apportioned to that which is "attributed to all defendants against whom recovery is allowed."
 Heckendorn v. Consolidated Rail Corp., supra, 293 Pa.Super. at 480, 439 A.2d at 677 n.3. The Heckendorn decision thus appears to foreclose any apportionment of liability regardless of whether the employer is actually made a party to the action by the employee against the third party.
 
 
 [6]
 Until the 1974 amendments to the WCA, Act No. 263, 1974 Pa.Legis.Serv. 782, the terms of the Act did not manditorily apply to all employer-employee relationships. Rather, in every contract between employer and employee the parties were conclusively presumed to have agreed to be bound by the provisions of the WCA. That presumption could be overcome by either party rejecting application of the terms of the WCA in writing at the time of hire. Pa.Stat.Ann.tit. 77, Secs. 431, 461, 462, 481 (Purdon 1952) (superseded). Because both employer and employee benefit significantly from coverage under the WCA, and because generally neither employers nor employees were aware of their right to reject coverage under the WCA, in practice the voluntary nature of coverage under the Act was illusory. 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease Sec. 2.06 (1975). Coverage under the WCA may no longer be waived. See Pa.Stat.Ann.tit. 77, Secs. 431, 461, 462, 481 (Purdon Cum.Supp.1981-82)
 
 
 [7]
 Workmen's compensation statutes are now in force in all states. 1 A. Larson, The Law of Workmen's Compensation Sec. 5.30 (1978)
 
 
 [8]
 See 1 A. Larson The Law of Workmen's Compensation Sec. 1.10 (1978); Pulliam, Comparative Loss Allocation and the Rights and Liabilities of Third Parties Against an Immune Employer: A Limited Proposal. 31 Fed'n Ins.Couns. 80 (1980) (hereinafter Pulliam, Comparative Loss Allocation)
 
 
 [9]
 The Pennsylvania Uniform Contribution Among Tort-Feasors Act provides for "pro rata" contribution. See 42 Pa.Cons.Stat.Ann. Sec. 8324(b) (Purdon 1981 Pamphlet). Under prior law, that phrase was interpreted as codifying the common law rule of equal, i.e., per capita, responsibility of joint tortfeasors. Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959). The meaning of "pro rata" under the Act has since been modified, however, by the Pennsylvania Comparative Negligence Act, which calls for damages to be apportioned among defendants "in the ratio of the amount of [one defendant's] causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed." 42 Pa.Cons.Stat.Ann. Sec. 7102(b) (Purdon 1981 Pamphlet). Pro rata now means proportionate, rather than equal, fault. Timby, Jr. & Plevyak. The Effect of Pennsylvania's Comparative Negligence Statute on Traditional Tort Concepts and Doctrines, 24 Vill.L.Rev. 453, 454 n.5 (1979) (hereinafter Timby, Jr. & Plevyak, Pennsylvania's Comparative Negligence Statute)
 
 
 [10]
 This is both the federal common law rule applicable to admiralty actions and the rule in effect in a majority of states. 2A A. Larson, The Law of Workmen's Compensation Sec. 76.21 (1976)
 
 
 [11]
 See cases cited in note 2 supra
 
 
 [12]
 Although Dreis & Krump's third-party complaint demanded judgment "for indemnity, or alternatively, for contribution," it conceded that Cole, the employer, could not actually be liable to it. Rather, Dreis & Krump argued that the demand was made to comply with the joinder requirements of Pa.R.Civ.P. 2252(a). That rule provides in relevant part:
 In any action the defendant ... may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him ... or jointly or severally liable thereon with him....
 The Heckendorn decision does not turn on this averment of liability. See Heckendorn v. Consolidated Rail Corp., supra, 293 Pa.Super. at 478, 439 A.2d at 676.
 
 
 [13]
 That Act provides in relevant part:
 (a) General rule.--In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.
 (b) Recovery against joint defendant; contribution.--Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.
 
 
 [42]
 Pa.Cons.Stat.Ann. Sec. 7102 (Purdon 1981 Pamphlet)
 
 
 [14]
 See supra note 12
 
 
 [15]
 Section 303 provides in relevant part:
 (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, ... on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.
 (b) In the event injury or death to an employe is caused by a third party, then such employe ... may bring [his] action at law against such third party, but the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
 Pa.Stat.Ann.tit. 77, Sec. 481 (Purdon Cum.Supp.1981-82) (footnotes omitted).
 
 
 [16]
 The third party sought credit for payments made to the employee by the employer, whom the third party alleged had been negligent. In effect, the third party sought the identical result that would have been reached prior to the amendment of Sec. 303(b), when a third party found jointly liable with an employer was subrogated to the plaintiff's rights under the WCA against the employer up to the amount of his liability under the WCA. See infra note 22
 
 
 [17]
 To illustrate his point, Judge Spaeth considered three hypothetical situations under which the statute might operate. His third hypothetical, the only one that troubled him, presents the paradigm of the instant case. 257 Pa.Super. at 117, 390 A.2d at 274
 
 
 [18]
 The Comparative Negligence Act is a "modified" comparative negligence scheme: a plaintiff who himself was negligent may recover from a defendant only if the plaintiff's proportional fault "was not greater than the causal negligence of the defendant against whom recovery is sought." 42 Pa.Cons.Stat.Ann. Sec. 7102(a) (Purdon 1981 Pamphlet). The statute does not completely abolish the defense of contributory negligence, which can still be asserted against a plaintiff who was more negligent than the defendant. See Shrager & Shepherd, History, Development, and Analysis of the Pennsylvania Comparative Negligence Act: An Overview, 24 Vill.L.Rev. 422, 437 (1979) (hereinafter Schrager & Shepherd, Overview)
 
 
 [19]
 Perhaps the most glaring omission concerns whether, in a multiple-defendant action, the plaintiff's negligence is to be compared against that of each defendant individually, or against the combined negligence of all of the defendants in determining the plaintiff's entitlement to recovery under section 7102(a). See Griffith, Hemsley & Burr, Contribution, supra, 24 Vill.L.Rev. at 496-99
 
 
 [20]
 There does not appear to be any basis for the different characterizations of the defendants that appear in subsections (a) and (b)
 
 
 [21]
 Pa.Stat.Ann.tit. 77, Sec. 671 (Purdon Cum.Supp.1981-82) provides in pertinent part:
 Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee ... to the extent of compensation payable under this article by the employer; ... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee.
 
 
 [22]
 The rule barring a negligent employer from asserting his subrogation rights was another aspect of the judicial gloss to the WCA prior to the 1974 amendments, under which a third party found jointly liable with an employer was subrogated to the plaintiff's rights under the WCA against the employer up to the amount of his liability under the WCA. Stark v. Posh Constr. Co., 192 Pa.Super. 409, 162 A.2d 9 (1960); see Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959); Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940). If the employee were paid compensation benefits under the WCA, the third party was permitted to offset against a judgment any amounts paid the employee under the WCA. If instead the employee obtained full recovery from the third party, then the latter was entitled to "contribution" from the employer up to the amount that would have been paid under the WCA. Maio v. Fahs, supra, 339 Pa. at 191-92, 14 A.2d at 110. This equitable right of "contribution" was based "on the equitable principle that the plaintiff should not recover twice for the same wrong." Brown v. Dickey, 397 Pa. 454, 463, 155 A.2d 836, 840 (1959). Because the amendment to section 303(b) eliminated "contribution" from the employer, one might argue that the employer's negligence will no longer bar his subrogation rights under the Act
 There are two responses to this argument. First, as Judge Diamond properly points out in Ryden v. Johns-Manville Prods., 518 F.Supp. 311, 320-22 (W.D.Pa.1981), the "limited right of contribution" recognized in Maio v. Fahs, supra, and applied in Brown v. Dickey, supra, and Stark v. Posh Construction Co., supra, was, in fact, not a right of contribution against the employer but rather an equitable right of subrogation to the plaintiff's rights. It resembled contribution only in those instances when the employee recovered a judgment against a third party before his compensation benefits were paid to him. In that case, the third party asserted its subrogation right to the employee's compensation benefits by collecting the compensation benefits directly from the employer. This is what some courts loosely referred to as the third party's limited right of contribution. The 1974 amendment to section 303(b), which was intended to limit strictly the employer's liability to his exposure under the WCA, may thus be read as not disturbing the third-party's right to be subrogated to any recovery that the employee received from a negligent employer. Second, as Stark v. Posh Construction Co., supra, makes clear, the rule barring a negligent employer from asserting his subrogation rights under the WCA was also grounded on the equitable principle that a negligent employer should not be relieved of all liability under the WCA merely because a third party against whom a subrogated claim may be asserted was also negligent. 192 Pa.Super. at 416, 162 A.2d at 12. This principle was not disturbed by the amendment to section 303(b).
 In any event, I disagree with the Heckendorn court that once a claim to apportion liability is raised we may "leave for another day" this question of the nature of the employer's subrogation rights, Heckendorn, supra, 293 Pa.Super. at 482, 439 A.2d at 678. Cf. Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 520 n.2, 412 A.2d 1094, 1097 n.2 (1980) (refraining from determining the extent of an employer's subrogation rights in the context of a constitutional challenge to the substantive bar to contribution under section 303(b)). Furthermore, I believe that the "minority view," which recognizes the need to allow the limited joinder of the employer and is subscribed to by Judge McEwen in his dissent in Leonard v. Harris Corp., 290 Pa.Super. 370, 434 A.2d 798, 805 (1981); by Judge Spaeth in his concurring and dissenting opinion in Arnold v. Borbonus, 257 Pa.Super. 110, 390 A.2d 271 (1978); by Judge Price in his dissent in Hefferin v. Stempkowski, 247 Pa.Super. 366, 372 A.2d 869 (1977); and by Lebanon County Court President Judge Gates in Yeagley v. Metropolitan Edison Co., 16 Pa. D. & C.3d 681 (1980), among others, will prevail before the Supreme Court.
 
 
 [23]
 The employer will ultimately feel the effect of the suit between his employee and the third party regardless of whether compensation benefits are paid by an insurance carrier or by the employer himself. Insurance premiums for workmen's compensation policies often provide for the retrospective reevaluation of premiums based on the employer's actual accident experience. See Alexander & Alexander v. Rose, 671 F.2d 771 (3d Cir. 1982)
 
 
 [24]
 Procedurally, it may be more correct to join the employer, as some courts have done, as an involuntary plaintiff. See Lipari v. Niagra Mach. & Tool Works, 87 F.R.D. 730 (W.D.Pa.1980). As Chief Judge Weber has remarked in a slightly different context, "In fact the employer is actually bringing the lawsuit every time that the employee sues a third party. The employer is always present with its hand out to take its share of the money recovered by the employee against the third party." Ledford v. Central Medical Pavillion, Inc., 90 F.R.D. 445, 447 (W.D.Pa.1981)
 
 
 [25]
 It has been suggested that an appropriate model for apportioning liability is to view the employer as a "settled" defendant. Pulliam, Comparative Loss Allocation, supra, 31 Fed'n Ins.Couns. 80 (1980). The consequences of treating the employer as a settled rather than an insolvent defendant are significant. The third party would be liable, under the principles established in the Comparative Negligence Act and the Uniform Contribution Among Tort-Feasors Act, only for his proportionate share of the damages. See Griffith, Hemsley & Burr, Contribution, supra, 24 Vill.L.Rev. at 511-17. Moreover, treating the employer as a settled defendant provides additional support for the joinder of the employer in a single lawsuit. The Supreme Court of Pennsylvania has held that a defendant may be continued in an action although no recovery can be had against her by any party because of settlement and release "in order to determine the amount of damages [the remaining] defendant may be obliged to pay plaintiffs in light of the situation created by their releases of the additional defendant's liability." Davis v. Miller, 385 Pa. 348, 352, 123 A.2d 422, 424 (1956)
 
 
 [26]
 The Supreme Court of Pennsylvania adopted section 402A of the Restatement in Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966)