**William K. LAWRENCE, Plaintiff,**

v.

**HOLAN CORPORATION, a division of Ohio Brass Company, a corporation and General Motors Corporation, a corporation, Defendants,**

v.

**PENNSYLVANIA ELECTRIC COMPANY, Third-Party Defendant.**

**Civ. A. No. 89-66 Erie.**

United States District Court
W. D. Pennsylvania.

Nov. 9, 1967.

Joseph B. Bagley, Bagley & Sydor, Pittsburgh, Pa., for plaintiff Wm. K. Lawrence.

George Buckler, Pittsburgh, Pa., for General Motors.

Knox, Pearson & McLaughlin (John M. McLaughlin), Erie, Pa., for Holan Corp.

Wayne Wolfe, Johnstown, Pa., for Pennsylvania Electric Co.

## OPINION ON MOTION TO COMPEL JOINDER OF COMPENSATION CARRIER

WILLSON, District Judge.

Plaintiff William K. Lawrence, an employee of Pennsylvania Electric Company, filed his complaint against defendants Holan Corporation and General Motors

Corporation. He charged both defendants with negligence individually and collectively as a result of which he was severely burned by coming in contact with a live high tension wire. The jurisdiction is diversity. In due course Pennsylvania Electric Company was joined as a third party defendant on the motion of Holan Corporation.

Thereafter on December 28, 1966 Holan Corporation filed a motion averring that Utilities Mutual Insurance Company, workmen's compensation carrier of Pennsylvania Electric Company, is a real party in interest in this litigation and that it be joined as a party plaintiff. This motion came on for hearing before the undersigned on February 15, 1967, and an order was entered that defendant's motion be granted, but an observation was made that none of the counsel of record appeared either for or against the motion. Thus the matter rested until October 2, 1967 when defendant Holan Corporation filed a motion reciting the foregoing and also the fact that Utilities Mutual had indicated that it would not participate as a party plaintiff and, therefore, Holan prayed that Utilities Mutual be made a party defendant. This motion was heard on October 25, 1967. Counsel for plaintiff appeared and opposed the motion and also has filed a motion to remove Utilities Mutual as a party plaintiff.

John M. McLaughlin, Esquire, counsel for Holan Corporation, is an able and experienced member of this Bar. He has frankly stated to the Court that the reason for his prior motion and for the instant motion is to place before the jury the fact that plaintiff William K. Lawrence is receiving compensation under the Pennsylvania Workmen's Compensation Act. He foresees that when the case is tried plaintiff, being severely and permanently burned and otherwise injured and disabled, will be presented to the jury as a derelict on the labor market

thus creating a sympathetic climate for the presentation of this case with the result that defendant Holan Corporation is inevitably prejudiced in its defense. The averment is made that Utilities Mutual is a real party in interest under Rule 17(a) because it is the compensation carrier for the employer Pennsylvania Electric Company. But it is noticed that under the statute, 77 Purdon's 671, it is the employer which is subrogated to the rights of the employee against third party tort-feasors. If the employee does not bring suit, then the employer may by virtue of the statute. There is some authority that an insurance carrier as subrogee of the employer may join in a suit against a third party tort-feasor but limited to the amount of the recovery paid by it, but these are cases in which the carrier has sought to join or sue. This is not the instant case. Utilities Mutual is disinclined to join either as party plaintiff or defendant. This is a conclusion from the fact that although given notice of these motions it has not appeared before the Court.

It is to be observed in this case that this being a diversity civil action this Court is bound to apply the law of Pennsylvania as to any matters which substantively affect the outcome of the action. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. In Scalise v. F. M. Venzie & Co., 301 Pa. 315, 152 A. 90, the Supreme Court of Pennsylvania says:

"The right of action remains in the injured employee; suit is to be brought in his name * * *."

It is noticed in that decision that in the event the employee does not bring the suit the employer may bring it to recover its compensation payments, but in the name of the employee. See also a discussion of this matter and to the same effect: Moltz v. Sherwood Bros., 116 Pa.Super. 231, 176 A. 842. Also,

**294**

Judge Egan's decision in London Lancashire Indemnity Co. of America v. Reid, D.C., 156 F.Supp. 897. But perhaps more important to the present issue is the contention of Holan's counsel that the purpose of the motion is to bring before the jury the fact that plaintiff is receiving compensation payments. This would offset the natural sympathy of the jury for an injured plaintiff. But to permit such evidence at trial would be clear error. The collateral source doctrine with respect to damages has been exhaustively treated by Chief Judge Biggs in Feeley v. United States, D.C., 337 F.2d 924, 931. He says:

"Clearly, Pennsylvania allows no diminishment in damages for workmen's compensation recoveries."

This would govern a trial in this Court. But the law of Pennsylvania is equally clear. In Lobalzo v. Varoli, 409 Pa. 15, 185 A.2d 557, the Supreme Court of Pennsylvania reversed a trial court for permitting evidence at trial of receipt by plaintiff of workmen's compensation payments. Thus on balance, the object suggested by the instant motion is defeated by the law of damages.

Finally it is to be noticed that the employer Pennsylvania Electric has been made a third party defendant. Holan may show that Pennsylvania Electric was concurrently negligent and, if so, receive a reduction in the amount of damages it pays. There is no need to conjecture in the instant case as to what rights Utilities Mutual has with respect to plaintiff as a subrogee of the employer. It has not chosen to intervene in this civil action. In any event it has no rights higher than the Pennsylvania Electric Company which is already on the record. This Court has considerable doubt as to whether Holan has standing to raise this issue. But nevertheless the conclusion is that Utilities Mutual is not a party in interest in this case and is certainly, therefore, not a necessary party. The motion is denied.