Jasper A. GARGIS

v.

**The B. F. GOODRICH COMPANY, a Corporation, Appellant.**

Arthur E. SIEGEL, Administrator of the Estate of Frank Henry Poniewaz, a/k/a Frank Henry Ponze, Deceased,

v.

George R. SLANEY and Continental Transportation Lines, Incorporated, George R. Slaney, Appellant.

Nos. 16644, 16645.

United States Court of Appeals Third Circuit.

Submitted Nov. 21, 1967.

Decided Dec. 11, 1967.

Charles Kirshner, H. N. Rosenberg, Rosenberg & Kirshner, Pittsburgh, Pa., for appellant.

Aaron Rosenzweig, Rosenzweig & Rosenzweig, Pittsburgh, Pa., for appellee Arthur E. Siegel.

Steven J. Harris, Litman, Litman & Harris, Pittsburgh, Pa., for appellee Jasper A. Gargis.

Before HASTIE, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellants in these personal injury actions contend that the District Court orders denying their motions to join as parties plaintiff subrogee insurance companies which paid undisclosed amounts (payable under the Pennsylvania Workmen's Compensation Act) to plaintiffs are contrary to F.R.Civ.P. 17(a). We disagree with appellants that either the terms of F.R.Civ.P. 17(a) or United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), require this result on the record in these cases.[1] For the reasons stated in the orders of the District Court, among others,[2] those orders will be affirmed.

---

1. In the *Aetna* case, supra, the court said at page 382, 70 S.Ct. at page 216:

"It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). In such cases the * * * [defendant] may have to defend two or more actions on the same tort * * *."

2. For example, the failure to show that the interests of the subrogees exceed $10,000. is a ground for denial of joinder on these records. See United Steelworkers of America, etc. v. New Park Min. Co., 169 F.Supp. 107, 114 (D.Utah 1958), reversed on other grounds, 273 F.2d 352 (10th Cir. 1959).