Walter **LIPARI**

v.

**NIAGARA MACHINE & TOOL WORKS and Rockford Safety Equipment Company.**

Civ. A. No. 79–55 Erie.

United States District Court, W. D. Pennsylvania.

Sept. 16, 1980.

William Jorden, Erie, Pa., for plaintiff.

T. Warren Jones, Erie, Pa., for defendant Rockford Supply.

Wallace Knox, Erie, Pa., for defendant–Niagara Machine.

Joseph May, Erie, Pa., for defendant EM-SCO–Erie.

OPINION

WEBER, Chief Judge.

In this case the plaintiff was a workman injured in the course of employment. He brings suit against the manufacturer of a press and its component controls on which he was working at the time of injury, alleging that this machinery was defective. The attempt of these defendants to implead as

third party defendant the employer of plaintiff for contribution or indemnity was denied by the Court on the basis of the 1974 amendment to the Pennsylvania Workmen's Compensation Act, 77 P.S. 481(b) (called Sec. 303(b) of the Act), which makes the Act the exclusive remedy of an employee against his employer, but allows the employee to bring an action against any third party alleged to be responsible for the employee's injury. However, the Act as amended in 1974, bars any liability of the employer to any such third party for damages, indemnity or contribution in any action at law or otherwise except as expressly provided in a prior written contract. This ended a common practice in Pennsylvania of impleading the employer in all such third party actions. The 1974 amendment survived a constitutional attack in *Tsarnas v. Jones & Laughlin Steel Corp., et al.* in 488 Pa. 513, 412 A.2d 1094 (1980). The Pennsylvania Supreme Court, however, expressly reserved from its decision in that case the question of the employer's right of subrogation,

". . . we leave for another day the issue as to whether the employer's right of subrogation nevertheless remains unimpaired" 488 Pa. p. 520, 412 A.2d p. 1097 fn. 2.

Similarly the concurring opinion in *Tsarnas* recites:

". . . I join in the result of the majority with the condition that the employer's right to subrogation is not automatic. The employer must in some judicial proceeding establish its freedom from fault in order to be subrogated." 488 Pa. p. 524, 412 A.2d p. 1099.

The other day has arrived. The defendants in the present case claim that the evidence will establish that the employer was negligent and that such negligence was a proximate cause of plaintiff's injuries. While the employer, or its insurance carrier, is not liable for any damages beyond that which it has already paid under the statutory standards, without a determination of the fault of the employer it stands in a position to recoup its loss out of any recovery made by plaintiffs. Moreover, original defendants are denied a right to credit for the amounts already paid to plaintiff as compensation, to the extent that the employer's negligence is established as a contributing cause of the employee's injury. Prior to the 1974 amendment this situation was controlled in a Federal Court Action by the joinder of the employer as a third party defendant under a claim for contribution under F.R.C.P. 14. Such joinder allowed the original defendant to establish a right of contribution, or to defeat a right of subrogation.

In this case it appears that the employer or its insurance carrier has paid substantial workmen's compensation benefits to the plaintiff, and under the Pennsylvania Act, 77 P.S.A. 671 is entitled to reimbursement from the proceeds of whatever recovery the plaintiff may obtain in this action. If not joined in this action its right of subrogation is unimpaired.

F.R.C.P. 17(a) requires that "Every action shall be prosecuted in the name of the real party in interest." This has been applied to insurance carriers who have paid all or part of the loss claimed by the named plaintiff; *U.S.A. v. Aetna Casualty & Surety Co.,* 338 U.S. 336, 70 S.Ct. 207, 94 L.Ed. 171 (1949). (See other cases cited in 6. Wright & Miller, *Federal Practice and Procedure,* Civil § 1546.) It has been applied, where a plaintiff has received workmen's compensation benefits, in the Federal Court in cases arising in Pennsylvania; *Blacks v. Mosley Machinery Co.,* 57 F.R.D. 503 (E.D.Pa.1972), and other states having similar statutory plans; *Ward v. Franklin Equipment Company,* 50 F.R.D. 93 (E.D.Va.1970). We have so applied it in this Court and have rejected the sham device by which certain insurance carriers have tried to avoid the position of real party in interest by making payment under the device of a "loan receipt" *Pace v. General Electric Co.,* 55 F.R.D. 215 (W.D. Pa.1972) (See the series of Annotations in 12 A.L.R. 3d.)

We know of no reason why the law of Pennsylvania would bar joinder of the employer or its carrier under the provisions of F.R.C.P. 17.

732

We recognize, however, that the introduction of the employer's insurance carrier as an involuntary party plaintiff in this case may prejudice Mr. Lipari in that a jury may readily infer from the carrier's presence as a named plaintiff that workmen's compensation insurance benefits have already been paid to Mr. Lipari. Accordingly we feel that the defendant's interest in having the real party in interest brought into the case can be satisfied by merely adding the plaintiff's employer, EMSCO–Erie, as an involuntary plaintiff. By adding EMSCO–Erie as a party plaintiff we will allow the jury to fully consider the extent to which the employer's conduct contributed to the injuries suffered by Mr. Lipari. Moreover, the entry of EMSCO–Erie into this case will serve to effectively determine the interests of EMSCO's compensation carrier, inasmuch as the carrier's right to repayment in the event of a plaintiff's verdict is derivative from that of EMSCO.

Counsel for EMSCO and its carrier have argued before this Court that *Lawrence v. Holan Corp.*, 43 F.R.D. 292 (W.D.Pa.1967) calls for a different conclusion. We disagree. In our view *Lawrence* is distinguishable from this case on two grounds. First, in *Lawrence* the employer had already been made a party to the case through third party joinder. Therefore the interest of the named defendants in having the real party in interest brought into the case were already satisfied. The defendant was assured that any finding of negligence on the part of the employer would result in a reduction in its liability by the amount of the contribution of employer's workmen's compensation. Second, in *Lawrence* the sole justification for the introduction of the employer's insurance carrier into the case was to demonstrate that the plaintiff was receiving compensation, a fact which is generally not admissible in evidence. In this case, however, the actions of EMSCO are clearly relevant to the question of liability for Mr. Lipari's injuries. Therefore, the reasons for EMSCO's addition as a party plaintiff in this case are far more compelling than those stated in *Lawrence.*