Ronald and Janet DECH

v.

ROUSELLE CORPORATION and Safe-
guard Manufacturing Company, Park
Container Corporation, The Home In-
surance Companies

Civ. A. No. 80–0324.

United States District Court,
E. D. Pennsylvania.

April 21, 1981.

Christopher C. Fallon, Jr., Philadelphia, Pa., for plaintiff.

Robert St. Leger Goggin, Philadelphia, Pa., for Rouselle.

Daniel J. Ryan, Philadelphia, Pa., for Safeguard Mfg. et al.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

When the pull back device on a power punch press apparently failed, the run and die descended and amputated portions of plaintiff's left hand. Plaintiff brought this action against the manufacturer of the press and alleged negligent design and manufacture. Subsequently, the defendant-manufacturer filed a third-party complaint against plaintiff's employer, Park Container Corporation (Park), which now moves to dismiss on the grounds that the Pennsylvania Workmen's Compensation Act, as amended, 77 Pa.Cons.Stat.Ann. 481 et seq. (Supp.1980–81) (Purdon), precludes adjudication of the employer's liability. See Hefferin v. Stempkowski, 247 Pa.Super. 366, 372 A.2d 869 (1977).

Originally, Pennsylvania law permitted a third party sued by an injured employee to obtain contribution or indemnity from the employer. Hattersley v. Bollt, 512 F.2d 209 (3d Cir. 1975), Socha v. Metz, 385 Pa. 632, 123 A.2d 837 (1956). An amendment to the Pennsylvania Act provided that

a third party sued by an injured person could not join the employer for damages, contribution or indemnity unless the parties had so agreed previously by contract. *See* 77 Pa.Cons.Stat.Ann. § 481(b). *Kohr v. Johns-Manville Corp.*, 87 F.R.D. 750 (E.D. Pa.1980), *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 263 Pa.Super. 37, 396 A.2d 1364 (1979). In other words, the act abolished the right of contribution which the third party had against the employer. *Nicklos v. Firestone Tire & Rubber Co.*, 346 F.Supp. 185 (E.D.Pa.), *aff'd*, 485 F.2d 680 (3d Cir. 1972), *Bell v. Koppers*, 481 Pa. 454, 392 A.2d 1380 (1978). *See also Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980).

Defendant relies exclusively upon *Yeagley v. Metropolitan Edison Co.*, No. 3316–1979 (C. P. Lebanon Co., Pennsylvania, May 13, 1980), which held that the employer may be joined in a tort action by an employee against the third person to determine the percentage of pro rata causal negligence among the defendants. This Court, expressly rejecting this argument in *Tookmanian v. Safe Harbor Water Power Corp.*, 505 F.Supp. 920 (E.D.Pa.1981), concluded that the "clear and plain language of the ... statute and the [Pennsylvania] Supreme Court's opinions construing it" prevented joinder of the employer. *See also Lawless v. Central Engineering Co.*, 502 F.Supp. 308 (E.D.Pa.1980) and *Schwarzl v. Philadelphia Gas Works*, No. 4098–1980 (C. P. Philadelphia Co., Pennsylvania, December 24, 1980).

Alternatively, defendant, asserting negligence on the part of the employer, argues that the employer should be added as an involuntary plaintiff so that the jury can consider the extent to which the employer's conduct contributed to plaintiff's injuries. In *Tsarnas v. Jones & Laughlin Steel Corp.*, *supra*, the court expressly reserved deciding whether the employer's right of subrogation remains unimpaired. Justice Larsen concurred with the condition that

> the employer's right of subrogation would not be automatic. The employer must in some judicial proceeding establish its

freedom from fault in order to be subrogated.

However, a federal court did reach this precise issue in *Lipari v. Niagara Machine & Tool Works*, 87 F.R.D. 730 (W.D.Pa.1980), and held that the employer and its insurance carrier could be joined under Fed.R. Civ.P. 17 where an employee sues the manufacturer of an allegedly defective device which injured him or her in the course of employment. The court reasoned that the insurance carrier should be added as the real party in interest and that the employer should be added as an involuntary plaintiff to dispel from the minds of the jury any inference of payment of workman's compensation insurance benefits. Allowing the jury to consider the extent to which the employer's conduct contributed to the employee's injuries, concluded the court, "effectively determine[s] the interests of [the] compensation carrier, inasmuch as the carrier's right to repayment in the event of a plaintiff's verdict" derives from the employer's. *Id.* at 732.

Careful examination of relevant Pennsylvania case law and scrutiny of the reasoning in *Lipari* suggests that the employer and the compensation carrier should not be joined under these circumstances. First, the *Lipari* court, construing Rule 17(a) to require joinder of the insurance carrier as the real party in interest, relied upon *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949), which held that the federal antiassignment statute, 31 U.S.C. § 203, did not prohibit an insurer from bringing suit in its own name against the United States upon a claim to which it became subrogated by payment to an insured, who could have sued under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* However, a state workmen's compensation statutory scheme alters the traditional notion of tort recovery. The employee sacrifices his common law cause of action in tort against the employer and, as the *quid pro quo*, his compensation cannot be barred or limited by his own negligence. *See Kohr v. Johns-Manville Corp., supra.* In *Gargis v. B. F. Goodrich Co.*, 386 F.2d 534 (3d Cir. 1967), the

Court of Appeals affirmed an order denying motions to join as plaintiffs subrogee insurance companies which made payments to the plaintiff under the state workmen's compensation statute.

Second, the *Lipari* court justified joining the employer to masquerade the presence of the insurance carrier and thereby to negate any inference by the jury that plaintiff had received any workmen's compensation insurance benefits. From this premise, the court concluded that the employer's presence "facilitate[d] determination of the insurance carrier's interests". However, "merely" adding the employer may not dispel the inference of payment; to assume so unfairly affects plaintiff's chances of a recovery unbiased by this consideration. Additionally, the Pennsylvania Workmen's Compensation Act does not prohibit defendant at trial from defending on the theory that the conduct of plaintiff's employer legally caused plaintiff's injuries. If defendant manufactured a defective product the jury will find it liable. Therefore, the employer simply need not be present for the jury to apportion negligence attributable to the manufacturer or to determine if defendant manufactured a product with a defect that caused plaintiff's injuries. *See Tsarnas v. Jones & Laughlin Steel Corp., supra.*

Third, Justice Larsen's dicta in his concurring opinion in *Tsarnas* did not suggest that the employer, to obtain subrogation, must establish its "freedom from fault" in the *same* action as the employee's suit. Rather the employer must exculpate itself "in *some* proceeding". *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. at 517, 412 A.2d 1094. Finally, the *Lipari* court could not think of any reason "why the law of Pennsylvania would bar joinder of the employer or carrier". 87 F.R.D. at 731. In *Bell v. Koppers*, 481 Pa. at 457, 392 A.2d 1380, the Supreme Court of Pennsylvania provided the rationale:

> Section 303(b) of the Workmen's Compensation Act more than alters, it obliterates a cause of action. Prior to this amendment, the third party defendant was able

to join the employer and present evidence to a jury concerning the employer's negligence. This evidence might exonerate the third party from all liability by proving the employer's negligence alone had caused the injury or it might result in a determination that the employer and third party were jointly liable. However, *the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer.* (emphasis added)

The unambiguous closing sentence of this paragraph unequivocally declares that the employer's conduct may not be evaluated for any purpose, even if it accounted for the employee's injuries. *See Tsarnas v. Jones & Laughlin Steel Corp., supra.* Until the Supreme Court of Pennsylvania squarely reaches this issue and unmistakably permits joinder of the employer for this purpose, the clear language of *Bell* and the unfairness of allowing the jury to infer payment of workmen's compensation benefits from the presence of the insurance carrier in the litigation requires that Park's motion to dismiss must be granted.

■ Defendant also joined as a third-party defendant Park's insurance carrier, Home Insurance Company (Home), which also moves to dismiss for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). Defendant contends that Home voluntarily assumed a duty to inspect the employer's machinery and equipment and to advise employees of unsafe conditions. Consequently, defendant argues, Home had a separate and distinct relationship with the employer unaffected and unimpeded by the insulation of the Workmen's Compensation Act. True, an employer may not invoke the protection of the Act where it acted as a manufacturer of goods which caused harm to an employee, *Kohr v. Johns-Manville Corp.*, 505 F.Supp. 159 (E.D.Pa.1981), or where he agreed voluntarily by contract to assume liability. See 77 P.S. § 481(b). *See also Hassey v. Uniroyal, Inc.*, No. 80–43 (E.D.Pa. February 2, 1981.) Such an agreement must be "express" and "written". *Cf.* 77 Pa.Cons.Stat.Ann. § 481(b) ("liability for such damages, contribution or indemnity shall be expressly provided for in a written

contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action").

In the case at bar, defendant contends that Home through "statements and actions" so agreed. Clearly, the circumstances under which Home supposedly executed this "contract" do not meet the requirements of the Pennsylvania Act. Defendant has not alleged that Home *expressly* agreed to expose itself to liability in a *written* contract. Voluntary arrogation of potential liability anticipated by Section 481(b) will not be inferred absent evidence required by the statute of an intent to relinquish this immunity. To accept defendant's argument would abrogate the statute's clear wording that waiver "shall be expressly provided for in a written contract". *Cf. Mount Joy Construction Co. v. Schramm*, 486 F.Supp. 32 (E.D.Pa.), *aff'd*, 639 F.2d 774 (3d Cir. 1980) and *Mikkilineni v. United Engineers & Constructors, Inc.*, 485 F.Supp. 1292 (E.D.Pa.1980) (construing federal regulations by their clear language), *Beck v. Borough of Manheim*, 505 F.Supp. 923 (E.D.Pa.1981) (construing federal statute in the same way), *Kawecki Berylco, Inc. v. Fansteel, Inc.*, 512 F.Supp. 984, No. 79–4061 (E.D.Pa. April 21, 1981), *Brezan v. Prudential Insurance Co.*, 507 F.Supp. 962 (E.D.Pa.1981) (construing contracts in the same way). Defendant adduces no such express language in any contract; none can or will be implied. *See generally Tookmanian v. Safe Harbor Water Power Corp.*, *supra.* Accordingly, Home's motion to dismiss will be granted.