453 A.2d 624

**David F. KELLY and Patricia Ann Kelly, his wife**

**v.**

**The CARBORUNDUM COMPANY, a corporation, Appellant,**

**v.**

**WILLSON PRODUCTS, A DIVISION OF E.S.B. INDUSTRIES, INC.; Power Piping Company; Murphy Industries Corporation; Reed Tool Company; and Baker International Corporation.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1982.

Filed Nov. 30, 1982.

Appeal Granted and Order Affirmed Feb. 6, 1984.

362

John E. Kunz, Pittsburgh, for appellant.

Linda Pretz, Pittsburgh, for appellees.

Before CERCONE, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, CIRILLO and MONTEMURO, JJ.

WIEAND, Judge:

In an action by an employee against a third party tortfeasor, may the employer be joined either as an additional defendant or as an involuntary plaintiff for the purpose of apportioning negligence under the Comparative Negligence Act?[1] The trial court held that joinder under either procedure was improper. We affirm.

David F. Kelly, an employee of Power Piping Company, was injured when an abrasive grinding wheel attached to a mechanical grinder broke while in use. He and his wife commenced an action in trespass against The Carborundum Company which had designed and manufactured the grinding wheel. The Carborundum Company caused Power Piping Company to be joined as an additional defendant,[2] alleging that Kelly's employer had been negligent in removing safety-guards, in failing to supply eye shields and in failing to instruct and supervise Kelly in the use of the grinder. Power Piping Company filed an answer to Carborundum's complaint in which it denied negligence and av-

1. Act of April 28, 1978, P.L. 202, No. 53, § 10(89), as amended, 42 Pa.C.S.A. § 7102.

2. Also joined as additional defendants were Willson Products, a division of E.S.B. Industries, Inc., the alleged manufacturer and distributor of safety shields; and Murphy Industries Corporation, the manufacturer and distributor of the grinding machine.

erred, as "new matter", that it had paid workmen's compensation benefits to Kelly. When the fact of compensation coverage was subsequently admitted, Power Piping filed a motion for judgment on the pleadings on the grounds that its joinder as an additional defendant was barred by provisions of the Pennsylvania Workmen's Compensation Act. An order was entered granting the motion and entering judgment in favor of the employer. Carborundum then filed a petition attempting to join Power Piping as an involuntary plaintiff. This attempted joinder was also denied. Both orders were appealed and, because of the importance of the issues involved, were consolidated for argument before a court en banc.

Substantively, the joinder of an employer for the purpose of determining his negligence, if any, is prevented by prior decisions interpreting Section 303 of the Workmen's Compensation Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481. This section provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party

alleged to be liable prior to the date of the occurrence which gave rise to the action.

In *Heckendorn v. Consolidated Rail Corporation,* 293 Pa. Super. 474, 439 A.2d 674 (1982),[3] we followed prior decisions of the Supreme and Superior Courts which held that the statutory language "obliterated" the common law cause of action against an employer and prevented his joinder as an additional defendant in an action brought by an employee against a third person to recover for personal injuries sustained by the employee during the course of employment. Thus, we said:

[Section 303 of the Workmen's Compensation Act] ... manifested a broad legislative intent to bar the joinder of an employer as an additional defendant. *Arnold v. Borbonus,* 257 Pa.Super. 110, 114, 390 A.2d 271, 273 (1978). It has 'obliterated' the common law cause of action against the employer and foreclosed the adjudication of liability on the part of the employer. *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). It has created an exception to the general right of contribution among tortfeasors. Thus a defendant whose negligence is alleged to be responsible for an injury suffered by an employe protected by the Workmen's Compensation Act, may not, in the suit brought against him, join the employer as an additional defendant. *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 518, 412 A.2d 1094, 1096 (1980). See also: *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977); *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 263 Pa.Super. 37, 396 A.2d 1364 (1979). The policy consideration which prompted the enactment of Section 303 is clear. An employer's liability for an industrial accident is limited to an amount determined by the Workmen's Compensation Act. If he assumes that liability, there can be no cause of action against him for negligence; and he cannot be made a party to his employ-

3. The Supreme Court granted allocatur on April 27, 1982, but no decision has as yet been rendered.

ee's common law action for negligence against a third person.

*Id.,* 293 Pa.Superior Ct. at 477, 439 A.2d at 675.

We also held in *Heckendorn* that prior appellate decisions had not been overruled or otherwise deprived of efficacy by enactment of the Comparative Negligence Act of 1978. The employer, we said, "is liable solely for worker's compensation benefits. If [the employer] accepts the responsibility of providing worker's compensation benefits, he cannot be solely or jointly liable to an employee for negligence. Similarly, he is not liable to a third party tortfeasor for indemnification or contribution. . . . He is not a party whose negligence is to be included in the apportionment required by the Comparative Negligence Law." *Heckendorn v. Consolidated Rail Corporation, supra,* 293 Pa.Superior Ct. at 481–82, 439 A.2d at 678.

Appellant renews in this appeal the argument that prior decisions have been impliedly overruled by the Comparative Negligence Act. This statute provides:

**(a) General rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

**(b) Recovery against joint defendant; contribution.** —Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery.

Any defendant who is so compelled to pay more than his percentage share may seek contribution.

42 Pa.C.S.A. § 7102.

█ Contrary to the premise for appellant's argument, this statute does not provide for apportionment among all tortfeasors causally responsible for an injury. "It merely provides for apportionment among those *defendants* against whom recovery is *allowed*. There is no suggestion in that statute that all possible tortfeasors be brought into court, and certainly no requirement that this be done to achieve the purposes of the act. The trier of fact is simply to apportion liability on a percentage basis among those defendants on the record against whom recovery is allowed." *Ryden v. Johns-Manville Products,* 518 F.Supp. 311, 316 (W.D.Pa.1981). We observed in *Heckendorn,* and repeat here, that under existing law, an employer is not a defendant "against whom recovery is allowed."

In *Hamme v. Dreis & Krump Manufacturing Co.,* 716 F.2d 152 (3rd Cir.1982), a products liability action, the manufacturer had attempted to join the employer of the plaintiff-employee as an additional defendant. A majority of the Court of Appeals for the Third Circuit followed *Heckendorn* and held improper an attempted joinder of the employer for purposes of determining comparative fault under the Pennsylvania Comparative Negligence Act.

█ It seems clear, therefore, that substantive law precludes the joinder of an employer for the purpose of determining fault in an action commenced by an employee against a third person. Appellant contends that this result is unfair because it requires a third party tortfeasor to pay more than his or her fair share of the damages sustained. This argument is not persuasive. The law does not now and never has required that all possible tortfeasors be made parties to an action. Appellant also argues that an interpretation of Section 303 of the Workmen's Compensation Act which disallows joinder of an employer constitutes too absolute a victory for the employer. This argument is more properly directed to the legislature, which is responsible for

establishing social policy.[4]  Unless and until the legislature changes the provisions of the Workmen's Compensation Act or the Supreme Court alters its interpretation thereof, we are obliged to follow those decisions which hold that there is no liability on the part of an employer for job related injuries sustained by an employee except for workmen's compensation benefits.  All other causes of action against the employer have been "obliterated," and the employer cannot be joined in an action brought by the employee against a third person.  See: *Tsarnas v. Jones & Laughlin Steel Corp., supra; Bell v. Koppers Co., Inc., supra; Arnold v. Borbonus, supra; Hefferin v. Stempkowski, supra.*

■ Joinder of Power Piping Company as an involuntary plaintiff would also have been procedurally improper.  The circumstances under which a party may be joined as an involuntary plaintiff are set forth in Pa.R.C.P. 2227 as follows:

(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.

This rule permits compulsory joinder in very limited situations.[5]  Subsection (b) is not predicated upon "some administrative benefit to be gained by joinder but upon the unity

---

4. In *Adamik v. Pullman Standard,* 439 F.Supp. 784, 786 (W.D.Pa. 1977), Judge Knox has offered the following explanation:  " 'By rendering employers who are liable for compensation without regard to fault immune from third party actions ... the General Assembly intended to provide more certainty in administration of the benefit fund and more stability to the fund.  Elimination of third party actions against employers permits employers and their insurers to better estimate compensation costs.  It also prevents the uncertain drain on the benefit fund caused by the employer contribution costs and legal defense expenses that had resulted from third party actions in the past.' "

5. Compulsory joinder under Pa.R.C.P. 2227 must be distinguished from permissive joinder under Pa.R.C.P. 2229.

and identity of the interests of the co-owners who are to be joined." 7 Goodrich-Amram 2d § 2227(a):1. It is applicable only where the substantive law provides that an interest is joint and the holder of such interest refuses to join. Involuntary joinder is necessary because without such joinder an indispensable party is missing and the action cannot proceed.

An employer is not an indispensable party to his employee's action in trespass against a third party tortfeasor. The interests of the employee and employer are not joint. The employee's cause of action is independent of the employer and can be pursued without the latter's joinder. The employee's claim, moreover, is not limited by any interest of a subrogated employer or workmen's compensation insurance carrier. See generally: 77 P.S. § 671; 42A P.L.E. Workmen's Compensation § 578. Indeed, in an employee's action, the prior payment of workmen's compensation benefits is irrelevant. See: *Downey v. Weston,* 451 Pa. 259, 273, 301 A.2d 635, 643 (1973); *Boudwin v. Yellow Cab Co.,* 410 Pa. 31, 188 A.2d 259 (1963); *Lengle v. North Lebanon Twp.,* 274 Pa. 51, 54, 117 A. 403, 404 (1922). See also: *Feeley v. U.S.,* 337 F.2d 924, 931 (3rd Cir.1964); *Lawrence v. Holan Corp.,* 43 F.R.D. 292, 294 (W.D.Pa.1967). Thus, even though the employer may enjoy subrogation rights in his employee's recovery against the third person, it is not and never has been the law that the subrogee is an essential party to the employee's action. See: *Smith v. Yellow Cab,* 288 Pa. 85, 135 A. 858 (1927); 42A P.L.E. Workmen's Compensation § 580. See also: *London Lancashire Indemnity Co. of America v. Reid,* 156 F.Supp. 897 (1958). The interests of the subrogee, if necessary, can be determined in a separate action. Involuntary joinder of the employer very simply is not necessary to a determination of the employee's cause of action against the third party; and Pa.R.C.P. 2227(b) is not a rule of administrative convenience.

To summarize, Pa.R.C.P. 2227 permits compulsory joinder of persons having a joint interest in the subject matter of an action and without whose joinder the action cannot substantively proceed. An employer has no direct interest in and is

not an indispensable party to a common law tort action commenced by an employee against a third party. The compulsory joinder of an employer as an involuntary plaintiff in his employee's third party action, therefore, is not procedurally authorized.

Joinder of the employer for purposes of determining fault, if any, is also improper substantively. It is barred by Section 303 of the Workmen's Compensation Act as previously interpreted by both the Supreme and Superior Courts.

Thus, the trial court was correct in refusing to allow Power Piping Company to be joined either as an additional defendant or as an involuntary plaintiff.

The orders of the trial court are affirmed.

MONTEMURO, J. files a concurring opinion.

CAVANAUGH, J. files a concurring and dissenting opinion.

McEWEN and CIRILLO, JJ., file dissenting opinions.

MONTEMURO, Judge, concurring:

After review of a variety of arguments for and against joinder of an employer as involuntary plaintiff or involuntary defendant for the purpose of apportioning negligence under the Comparative Negligence Act in light of the Workmen's Compensation Act, I have concluded that Judge Wieand, for the majority, most nearly reflects my own views, and I therefore concur in his opinion.

I am convinced by the reasoning in Judge Wieand's opinion which finds joinder of an employer as an involuntary plaintiff is both procedurally and substantively improper. As Judge Wieand ably demonstrated, the interests of the injured employee and that of his employer are not joint; listing the victim as co-plaintiff with one of his alleged tort-feasors appears a patently inappropriate disposition of parties.

The problems inherent in a decision which denies relief to the third party tort-feasor by barring joinder of the employ-

er as *either* an involuntary plaintiff *or* an involuntary defendant are considerable. Judge Cavanaugh's thoughtful analysis in his Concurring and Dissenting Opinion has a great deal of merit: forcing a third party to assume the entire cost of the plaintiff's recovery, where the employer's negligence contributed significantly to the tortious injury, is fundamentally unfair.

I also find Judge Spaeth's hypothetical case as set forth in his concurring and dissenting opinion in *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978) persuasive. He demonstrates that the result *is* fair when the third party pays his full share of the judgment and the employer pays the compensation maximum in fulfillment of the *quid pro quo* legislated in the Workmen's Compensation Act.

However, in the end I find my research supports Judge Wieand's result, under the following analysis:

Section 303 of the Workmen's Compensation Act as originally worded and found at 77 Pa.C.S.A. § 481 reads as follows:

### § 481.  Effect of agreement

Such agreement shall constitute an acceptance of all the provisions of article three of this act, *and shall operate as a surrender by the parties thereto of their rights* to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, *or to any method of determination thereof, other than as provided, in article three of this act.* Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife or husband, widow or widower, next of kin, and other dependents. (Emphasis supplied.)

Clearly the wording as set forth above forbids the *parties* to the *agreement, i.e.,* the *employer* and *employee,* from seeking a determination by any method other than through the compensation board and referee as provided in "article three." It does not forbid a third party defendant from joining the employer as an additional defendant. As the court in *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa.

513, 412 A.2d 1094 (1980) said in discussing the revisions of 1974 in that section of the Act:

> Prior to the passage of Section 303(b), our law permitted the joinder of the employer as an additional defendant in a suit by an employee against a third party tortfeasor on the basis of joint liability or liability over. If it were determined that both the employer and the third party were responsible for the employee's injury, the employee could obtain a full recovery from the third party, but the third party could also obtain contribution or indemnity from the employer to the extent of the employer's statutory liability under the Workmen's Compensation Act. [Citations omitted].

*Id.,* 488 Pa. at 517–18, 412 A.2d at 1096.

The Supreme Court then went on to find that § 303(b) of the Act, also found at 77 Pa.C.S.A. § 481 as was its predecessor, not only barred any sort of indemnity from the employer to the third party but also *barred joinder as an additional defendant:*

> Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, *may not,* in the suit brought by the employee against him, *join the employer as an additional defendant. Nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.*

*Id.,* 488 Pa. at 518, 412 A.2d at 1096. (Emphasis supplied.)

My own perusal of the actual wording of § 303(b), stripped of excess verbiage, reduces itself to the following statement:

> In the event injury ... to an employee is caused by a third party, then such employe, may bring [his] action at law against such third party, but the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law...

In my opinion, such wording would logically bar *only* the liability of the employer for damages over and above the amount for which he is statutorily responsible. Were the matter before us as a matter of first impression I would interpret the statute to permit joinder of the employer as involuntary defendant. If the interpretation of the statute were purely a matter of this *en banc* panel overturning the result in *Heckendorn v. Consolidated Rail Corp.,* 293 Pa.Super. 474, 439 A.2d 674 (1981), I would join Judge Cavanaugh in calling for this result.

However, in the face of the unequivocal wording of our state's highest court as cited *supra* this opinion, in which § 303(b) is interpreted to forbid joinder of the employer as an additional defendant, I am compelled to agree with Judge Wieand that the third party is foreclosed from joining the employer involuntarily either as a defendant or as a plaintiff.

Although I am not entirely happy with the result thus reached, I can accept the Supreme Court's interpretation, which sees the Workmen's Compensation Act as creating "an exception to the general right of contribution among tortfeasors." (See, *supra,* citation from *Tsarnas* on interpretation of § 303(b)).

The common law has always permitted a plaintiff to recover his entire claim in damages from any tort-feasor he could reach, leaving that party to recover, if possible, from his fellow defendants. If the joint tort-feasors were judgment-proof, that was not considered to be the plaintiff's problem. If the "legislatively created bar to contribution" is viewed as analogous to the long-tolerated situation in which one tort-feasor is unfairly "stuck" with an entire recovery, the conscience of the court cannot be shocked by the result. It parallels the common law result which prefers to over-penalize a tort-feasor in preference to under-compensating the injured party.[1]

1. Of course, the injured employee's own contributory negligence is a matter for close examination at trial.

If the Supreme Court were to reconsider this matter, I would be pleased to see the interpretation of § 303(b) revised to permit joinder of the employer as an involuntary defendant. As the law stands at present, I must agree with Judge Wieand that such a joinder is unlawful.

For the above reasons, I too would affirm the trial court's order refusing to permit Power Piping Company to be joined as an involuntary plaintiff or as an involuntary defendant.

CAVANAUGH, Judge, concurring and dissenting:

The majority concludes that in an action by an employee against a third party tortfeasor, an employer can not be joined as an additional defendant or as an involuntary plaintiff for purposes of determining the employer's proportion of negligence under The Comparative Negligence Act. I agree with Judge Wieand's conclusion that joining the employer as an involuntary plaintiff would not be proper because his interest and that of his employee are not joint. I would hold, however, that the employer can be joined as an additional defendant. I realize that a panel of this court has previously held that an employer can not be joined as an additional defendant for the purpose of determining his proportion of negligence. *Heckendorn v. Consolidated Rail Corporation*, 293 Pa.Super. 474, 439 A.2d 674 (1981).[1] I believe, however, that that case was wrongly decided and that we, sitting as an en banc panel of this court, can and should overrule it.[2]

As stated by Judge Rosenn in a recent decision of the Third Circuit Court of Appeals, the effect of the *Heckendorn* decision is to make "third parties who may be only partially responsible for another's employee's injuries . . . bear the

1. I note that although this court denied a petition for reargument of *Heckendorn,* the Pennsylvania Supreme Court granted a petition for allocatur in *Heckendorn* on April 27, 1982.

2. The power of an en banc panel of this court to overrule a decision of a three-member panel is well established. *See Commonwealth v. Lewis,* 295 Pa.Super. 61, 440 A.2d 1223 (1982); *Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981); *Evans v. Blimpie Base, Inc.,* 284 Pa.Super. 256, 425 A.2d 801 (1981).

full burden of compensating the injured employee, regardless of the third party's possible minimal degree of fault compared to that of the employer." *Hamme v. Dreis & Krump Manufacturing Co.*, 716 F.2d 152 at 157 (1982) (slip opinion at 11, Rosenn, J., dissenting). I agree with Judge Rosenn's conclusion that such a result was not intended by the Pennsylvania Legislature and is not compelled by the language of the Workman's Compensation Act (WCA). The issue in the *Hamme* case was whether an employer could be joined as a third party defendant for purposes of determining his degree of fault under The Comparative Negligence Act in a personal injury products liability action brought by an employee against a manufacturer. Two of the three panel members before whom the *Hamme* case was argued felt that the Third Circuit was bound by this Court's decision in *Heckendorn* and therefore ruled that the employer could not be joined as an additional defendant.[3] In a lengthy and well-reasoned dissent, Judge Rosenn explained why he believed that *Heckendorn* was wrongly decided and was likely to be reversed by the Pennsylvania Supreme Court and was therefore not binding on the Third Circuit.

Judge Rosenn summarizes the purpose and function of the WCA as follows:

The WCA creates a comprehensive and exclusive scheme between employer and employee for awarding reparations to employees for work-related injuries. The primary feature of the WCA, in common with workmen's compensation acts throughout the United States, is its establishment of fixed but limited compensation for employees who are injured in work-related accidents. In return for foregoing all rights to bring a common law action for damages against his employer, an employee is awarded compensation that is statutorily provided for

**3.** One of these two judges noted that it may have been more prudent to delay disposition of the *Hamme* appeal until the Pennsylvania Supreme Court decided whether to grant allocatur in *Heckendorn*, (at 154 n. 4). As stated in footnote 1, *supra*, the Supreme Court did, in fact, grant allocatur on April 27, 1982, just two weeks after the decision in *Hamme* was filed.

under the WCA. Both parties to this relationship benefit from such coverage. The employee is assured of certain, immediate compensation regardless of his own fault or that of his fellow servants. The employer, although compelled to provide compensation for all work-related injuries, benefits from the ceiling on liability incorporated in the compensation schedules under the WCA. Society as a whole benefits from the provision made for injured workers who might otherwise become public charges.

*Hamme,* at 158 (footnotes omitted).

The WCA specifically provides in section 303(b) that where an employee's injury is caused by a third party, the employee may bring an action against that third party, but that the employer shall not be liable to the third party for damages, contribution, or indemnity unless such liability is expressly provided for in a written contract. The statute does not specifically bar joinder of the employer for all purposes. It is silent on the question of joinder for apportionment of fault. As Judge Rosenn points out, permitting joinder of the employer does not

run afoul of the WCA if the employer is joined solely to determine his relative fault, vis a vis that of the other parties, in causing the employee's injuries. From the employer's perspective, so long as his liability for the injuries to his employee exists solely as provided for in the WCA, the legislatively enforced quid pro quo has been respected. Joinder of the employer for this limited purpose is thus fully consistent with both the language and the spirit of the WCA.

*Hamme,* at 162.

Nor is permitting joinder of the employer unfair to the employee-plaintiff even though his total recovery may, as a result, be less than it would have been if his employer's negligence was not considered and the third party was thus liable for all damages not directly attributable to the employee's own negligence. To explain how allowing joinder of the employer protects the interests of all the parties, we need only quote, as Judge Rosenn did, from Judge Spaeth's

concurring and dissenting opinion in *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978). Judge Spaeth envisioned a hypothetical case in which an employer and a third party were equally negligent in causing injury to an employee and the employer *was* joined as an additional defendant. His analysis was as follows:

> [W]here the employer and a third party are equally negligent, the third party pays only his half of the judgment and the employer pays up to the compensation maximum in fulfillment of his half of the judgment. Thus, no one bears more than his fair share of the liability judgment; to the extent that the employer bears *less* than his share and the employee thereby gets less than his due, this is what the Act contemplated in the "bargain" between the employee and the employer, the one getting an assured recovery, the other getting a fixed limit on liability. It is unjust to make the third party fill the gap between what the employee gets and what he needs to be made whole, for the third party was not part of the bargain; he gained nothing from it.

257 Pa.Super. at 118 n. 4, 390 A.2d at 274 n. 4, quoted in *Hamme,* at 163.

In sum, neither the WCA or The Comparative Negligence Act specifically address the issue raised in this case. I do not believe that the language of either statute prohibits joinder of an employer for the limited purpose of apportionment of fault and permitting joinder certainly seems to be the most just result.

Nor do I agree with Judge Montemuro's conclusion that the result advocated here is precluded by the Pennsylvania Supreme Court's holding in *Tsarnas v. Jones and Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980). In that case, the court, in discussing Section 303(b) of the Workmen's Compensation Act, stated:

> Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the

Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party *otherwise* seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury.

488 Pa. at 518, 412 A.2d at 1096. (Emphasis added). As Judge Rosenn pointed out, with reference to the above quotation:

The quoted paragraph makes clear that in speaking of the inability of the third party to join the employer as a defendant, the court was speaking to the existence of the statutory bar to contribution and indemnification. As the court noted, under section 303(b), a third party is not entitled to contribution from or indemnification by the employer, and may not obtain them *by joining the employer as a defendant or otherwise.* The court was not confronted with an attempt to join the employer in a manner that would fully respect the employer's immunity from claims over by the third party while permitting a single, judicial determination of the relative fault of all the interested parties. The decision thus cannot be read as necessarily foreclosing such limited-purpose joinder.

*Hamme,* at 162.

For the reasons discussed above, I would overrule *Heckendorn,* and reverse the order of the lower court in the instant case and permit Power Piping Company to be joined as an additional defendant for the limited purpose of apportioning fault under The Comparative Negligence Act.

McEWEN, Judge, dissenting:

I most respectfully dissent from the majority opinion and, as well, differ with the views that have been otherwise expressed.

I cling to the view earlier expressed in a dissenting opinion in *Leonard v. Harris Corporation,* 290 Pa.Super. 370, 434 A.2d 798 (1981), that an employer may be joined as an

additional defendant for the reason that the 1974 amendment to § 303 of the Workmen's Compensation Act does not prohibit the joinder of an employer as an additional defendant in an action instituted by an employee against a third party defendant. Rather, § 303(b) of the Act sets forth a considerably more limited restriction when it declares that the employer "shall not be liable to a third party for damages, contribution, or indemnity in the action of law or otherwise...." As for the view that the Pennsylvania Supreme Court has precluded the joinder of an employer for every purpose including the apportionment of fault, the dissent herein of our eminent colleague Judge James R. Cavanaugh as well as the dissent of the distinguished United States Circuit Court Judge Max Rosenn [1] very perceptively responds that the Pennsylvania Supreme Court has not so held since the Supreme Court has not as yet specifically ruled upon an attempt to join the employer in a fashion that would provide for the determination of the fault of the employer without intrusion upon the immunity of the employer.

It seems, however, that I differ with both the majority and also Judge Cavanaugh upon the issue of the joinder of the employer as an involuntary plaintiff. It is my view that if the Pennsylvania Supreme Court pronounces at a future time that § 303(b) precludes the joinder of the employer as an additional defendant for every purpose and in every circumstance, the employer may be joined as an involuntary plaintiff pursuant to Pennsylvania Rule of Civil Procedure 2227. The very fine majority opinion provides a thorough itemization of reasons for its conclusion that the interests of the employer and the employee are not joint; it strikes me, however, that each reason is but an echo of the conclusion itself. Since an effort to here refer and respond to each reason would be little more than a " 'tis so"—" 'tis not"

1. In *Hamme v. Dreis & Krump Mfg. Co.*, 716 F.2d 152 (1982) Judge Rosenn provides a very thoughtful analysis of the questions that have continued to confront the appellate courts since the enactment of the 1974 amendment to § 303 of the Workmen's Compensation Act.

dispute, such an exercise would not seem purposeful. Suffice it to say that the employer, by reason of its subrogation interest, has a stake in the cause of action of the employee and that, therefore, both the employer and the employee share a concern in the outcome and an interest in the verdict that can only be termed a *joint* interest. The majority opinion quite properly observes that the law has never stated the subrogee is an essential party to the action of the employee but our research has not produced any case that has, since the 1974 enactment of § 303(b), so concluded. And, while the interests of the subrogees, if necessary, can be determined, as noted by the majority, in a separate subsequent action, some authorities upon judicial administration may be of the view that such a notion is not consistent with the prudent and effective use of judicial resources.

Finally, while Judge Cavanaugh and I share the view that § 303(b) does not preclude the joinder of the employer as an additional defendant, I do not foresee such a reduction in the total recovery of the employee-plaintiff as he envisions, in the hypothetical case quoted by him, will follow the joinder of the employer. The Pennsylvania Comparative Negligence Act [2] provides in 42 Pa.C.S.A. § 7102:

> (b) Recovery against joint defendant; contribution. Where recovery is allowed against more than one defendant, each defendant shall be liable for that portion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

Since the plaintiff-employee may recover the full amount of the verdict from the third party defendant(s) whenever the employer and the third party defendant(s) are found to be at

2. Act 1976, July 9, P.L. 586, No. 142, effective June 27, 1978.

fault, any reduction in the amount of the recovery is limited to a sum equal to the amount of the payments that had been made (or that become payable) to the plaintiff-employee under the Workmen's Compensation Act.

In summary, I would overrule *Heckendorn* and, failing that objective, would permit the joinder of the employer as an involuntary plaintiff.

CIRILLO, Judge, dissenting:

I respectfully dissent. The majority concludes that the joinder of the employer as either an additional defendant or as an involuntary plaintiff, for purposes of determining fault, is improper. However, I feel that under the Comparative Negligence Act, the employer must be joined as a involuntary plaintiff in this instance.

The Pennsylvania Supreme Court has determined that Section 303 of the Workmen's Compensation Act creates an exception to the general right to contribution from joint tortfeasors. Under this section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act may not, in a suit brought by the employee against him, join the employer as an additional defendant. Nor may the third party seek contribution from the employer, even though the employer's own negligence may have been the primary cause of the injury. *Tsarnas v. Jones & Laughlin Steel Corporation,* 488 Pa. 513, 518, 412 A.2d 1094, 1096 (1980). See also: *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 263 Pa.Super. 37, 396 A.2d 1364 (1979). Section 303(b) preserves for injured employees their common law cause of action against any negligently responsible third party and clearly bars an employer's liability for "damages, contribution or indemnity." However, it is silent on the issue of joinder of the employer as an involuntary plaintiff for reasons other than the assertion of a right to damages, contribution or indemnity. Specifically, in the instant case, the appellant seeks only to join the employer so as to determine the proportion of the employer's negligence.

The Pennsylvania Comparative Negligence Act provides as follows:

(a) **General rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

(b) **Recovery against joint defendant; contribution.** —Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred by recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

The Comparative Negligence Act expressly states that it is applicable to "all actions brought to recover damages for negligence resulting in death or injury to person or property." Therefore, it is apparent that the appellee's third party action under the Workmen's Compensation Act is governed by comparative negligence. Since these two statutes relate to the same subject matter, namely employee negligence actions against third parties, they must be interpreted in such a way as reconciles the two statutes.[1]

1. Act of December 6, 1972, P.L. 1339, No. 290, § 3 provides:
    (a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.
    (b) Statutes in pari materia shall be construed together, if possible, as one statute.
1 Pa.C.S.A. § 1932.

The purpose of the Comparative Negligence Act is obviously to assess liability for damage in a negligence case in proportion to the degree of fault of each of the parties involved. Subsection (a) requires the trier of fact to initially determine the degree of the plaintiff's negligence for purposes of determining whether the plaintiff can recover from any party and to diminish the plaintiff's potential recovery from any other party if the plaintiff's causal negligence is not greater than the combined negligence of all defendants against whom recovery is sought. Under subsection (b), in the event there is a finding of negligence, the trier of fact is required to calculate the ratio of each defendant's causal negligence attributed to all defendants who have been found negligent. The determination required under subsection (a), and the calculation to be made under subsection (b), cannot be accurately made absent the opportunity for the finder of fact to also consider and evaluate the proportionate fault of the plaintiff's employer. The extent of the employer's involvement in the law suit initiated by his employee is only to determine the employer's degree of negligence and not to reduce the third party's responsibility to pay the verdict that is rendered. This result is evident since Section 303(b) of the Workmen's Compensation Act eliminates the right of contribution. This approach promotes judicial economy by seeing to it that all parties who have an interest in the litigation are present on the record.

In the case of *Heckendorn v. Consolidated Rail Corporation,* 293 Pa.Super. 474, 439 A.2d 674 (1981), a panel of this Court held that an employer cannot be joined as an additional defendant for the purpose of apportioning negligence under the Comparative Negligence Act.[2] In that case, the Court (per Wieand, J.) stated:

**2.** Joinder of an employer as an additional defendant for purposes of ascertaining the employer's proportion of negligence, while not the law in Pennsylvania, has been allowed in the following cases: *Schaeffer v. Didde-Glaser, Inc.,* 504 F.Supp. 613 (M.D.Pa.1980); *Flack v. Calabrace,* 15 D & C 3d 765, 62 W.L.J. 137 (1980); *Yeagley v. Metropolitan Edison Company,* No. 442 Phila.1981 (Lebanon County, C.S. No. 3316, filed May 13, 1980).

If an employer accepts the responsibility of providing worker's compensation benefits, he cannot be solely or jointly liable to an employee for negligence. Similarly, he is not liable to a third party tortfeasor for indemnification or contribution. His negligence is no longer a factor. He is not and cannot be a defendant against whom recovery is allowed. He is not a party whose negligence is to be included in the apportionment required by the Comparative Negligence Act.

293 Pa.Super. at 481–82, 439 A.2d at 678.

While I agree with the panel's decision that the employer may not be joined as an additional defendant, in as much as the employer is no longer liable to a third party tortfeasor for indemnification or contribution, his negligence is a factor in determining the proportion in which all other parties are negligent. The Workmen's Compensation Act creates in the employer a right of subrogation in his employee's recovery against a third party.[3] If the employer is permitted to be joined as an involuntary plaintiff, the employer can present his claim for subrogation so that his recovery is reduced in proportion to the assessment of his responsibility for the accident. The employer, by assuming such a posture, thus has a joint interest with the employee in the action, as provided in Pa.R.C.P. 2227(a)[4] of proving the negligence of the third party. Moreover, judicial resources are used more effectively as all of the parties must present their cases

3. The employer's right of subrogation is provided for in 77 Pa.C.S.A. § 671 as follows in pertinent part:
   Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

4. Pa.R.C.P. 2227(a) provides as follows:
   Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

before the same factfinder instead of having a separate subrogation action between the employer and employee. In addition, for purposes of correctly apportioning negligence, the joinder of the employer as an involuntary plaintiff is imperative under the Comparative Negligence Act. Therefore, I would find that the employer, Power Piping Company, must be joined in this action as an involuntary plaintiff under Rule 2227 of the Pennsylvania Rules of Civil Procedure [5] since the actions of the employer are clearly relevant to the question of liability for the injuries suffered by David F. Kelly. *See: Lipari v. Niagra Machine and Tool Works,* 87 F.R.D. 730 (W.D.Pa.1980); *also: Ledford v. Central Medical Pavilion, Inc.,* 90 F.R.D. 445 (W.D.Pa.1981); *Hamme v. Dreis & Krump Manufacturing Co.,* 716 F.2d 152 (1982) (Rosenn, J., dissenting). To hold otherwise would impose on a third party who may be only slightly blameworthy, total liability for all of the damages sustained by the employee. Certainly, such an inequitable result was not intended by the legislature in enacting the Workmen's Compensation Act.

5. Pa.R.C.P. No. 2227(b), Adopted June 7, 1940; amended April 18, 1975, provides:

> If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder.